UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THYMUS SHIPPING CORP.,

                Plaintiff,

      -against-

JANGHA MARINE CORP.,

                Defendant.
------------------------------------x



VERIFIED COMPLAINT

07 CV 10522

       Plaintiff, THYMUS SHIPPING CORP. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant JANGHA MARINE CORP. (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

       1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

       2.   At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and existing under the laws of Liberia with an address at 80 Broad Street, Monrovia, Liberia.

       3.   Plaintiff is and was, at all material times, the registered owner of the M/V REGAL STAR (the "Vessel").

       4.   Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, with an

address at RM 703 Hanaro Bldg No. 194-4 Insa-Dong, Chongro-Ku, Seoul 110-794, Korea, and was at all material times the charterer of the Vessel.

5.  Plaintiff and Defendant entered into a time charter party dated December 1, 2004, pursuant to which Plaintiff let and Defendant hired the Vessel (the "Charter Party").

6.  Under the terms of the Charter Party, it was the duty of Defendant as charterer of the Vessel to pay hire in U.S. dollars at the rate of $12,500 per day commencing from the time of delivery of the Vessel under the Charter Party until the date of her redelivery.

7.  The Vessel was delivered to Defendant on December 27, 2004, and was redelivered to Plaintiff on April 26, 2005.

8.  During the period of the Charter Party, Defendant apparently entered into a voyage charter of the Vessel with a third party sub-charterer.

9.  Prior to the Vessel's redelivery, the Vessel was arrested in Bangladesh as security for claims brought by the sub-charterer against the Defendant for cancellation of the voyage charter between them.

10. In order to release the Vessel from arrest, Plaintiff was required to retain lawyers in Bangladesh and post

security in the form of a bank guarantee in the amount of $400,000. An action is currently pending in Bangladesh which Plaintiff has had to defend.

11. While the Vessel was under arrest in Bangladesh, Defendant wrongfully and in breach of the Charter Party withheld hire and port costs in connection with the arrest, and also redelivered the Vessel there in breach of the Charter Party, for which Plaintiff sustained damages and losses.

12. Defendant has failed to pay the balance of hire due and port costs in the amount of $154,270.71.

13. Plaintiff protested Defendant's wrongful refusal to pay the full charter hire and port costs, demanded that it do so and continued to demand payment up until the present time, but none of it was paid.

14. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

15. Plaintiff has commenced arbitration in London against Defendant, and Plaintiff's claims are now the subject of that arbitration.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be

estimated, the following amounts can be expected to be recovered in the action from Defendant:

| | |
|---|---|
| A. Payment of hire and port costs: | $154,270.71 |
| B. Payment of security for the claim pending in Bangladesh (effectively counter-security for Plaintiff's bank guarantee): | $400,000.00 |
| C. Payment of costs of the bank guarantee (which will increase over time): | $54,576.00 |
| D. Interest, arbitration fees and attorneys' fees: | $182,654.02 |
| Total: | $791,500.73 |

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered

Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

18.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV,

American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $791,500.73 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
    November 21, 2007

           CARDILLO & CORBETT
           Attorneys for Plaintiff
           THYMUS SHIPPING CORP.

      By: _____
        James P. Rau (JR 7209)

        Office and P.O. Address
        29 Broadway, Suite 1710
        New York, New York 10006
        Tel: (212) 344-0464
        Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

  1. My name is James P. Rau.

  2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

  3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

  4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

  5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

  6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

  7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
James P. Rau

Sworn to before me this
21st day of November, 2007

_____
NOTARY PUBLIC

TULIO R. PRIETO
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010