LENNON, MURPHY & LENNON, LLC
Attorneys for Defendant
The Graybar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THYMUS SHIPPING CORP.,            :        07 CV 10522 (LLS)

        Plaintiff,            :        **ECF CASE**
- against -

                                 :        **DECLARATION**
JANGHA MARINE CORP.,                       **IN SUPPORT OF MOTION TO**
                                 :        <u>**VACATE MARITIME**</u>
                                          <u>**ATTACHMENT**</u>
        Defendant.
-------------------------------------------------------X

     I, Captain Mohiuddin Abdul Kadir MAK, having been duly sworn, deposes and states the following upon the penalties of perjury as per 28 U.S.C. § 1746:

     1.    I am the Chief Executive Officer of Interport Maritime Limited ("Interport") located in Chittagong, Bangladesh.

     2.    I served for three years as a Master of foreign going vessels and thereafter obtained a Masters Degree in Shipping from Cardiff University and a law degree from Bangladesh National University.  I moved to Interport in 2001 and have been leading the P&I division and have been involved in most of the major claims in Bangladesh.  I also act as consultant for Bangladesh Shipping Corporation, Sadharan Bima Corporation and also for Department of Shipping, Bangladesh Government for any major maritime incident.

     3.    Interport acts as a correspondent for a number of International Group Protection & Indemnity Clubs and also other clientele to assist with claims or problems primarily involving Bangladesh. We provide assistance to both ship owners and charterers, who may find themselves involved in P&I claim and /or defense cases.  IML also assists in

investigation and handling of claims and possesses necessary local and international knowledge to arrange expert assistance through the use of surveyors and lawyers.

4. We were instructed by South Young & Co. to search Bangladesh Supreme Court registrar, to obtain information on the admiralty suit no. 4 of 2005. We were also instructed to obtain information concerning the present status of the case.

5. We visited the Bangladesh Supreme Court registrar on 28 January 2008, 29 January 2008, 3 February 2008 & 4 February 2008 and conducted an extensive search to find the case docket and to retrieve the case documents. Upon our search, we found that the admiralty suit no. 4 of 2005 had been initiated for realizing a maritime claim against the vessel M. V. REGAL STAR.

6. The suit has been filed on 31 March 2005 by the following party: Sea Quest Shipping Pte. Ltd. (Plaintiff) Suit no. 27-12, 10 Anson Road, International Plaza, Singapore.

7. In Bangladesh, the plaintiff Sea Quest Shipping Pte. Ltd. is represented by one Mr. Noor Ahmed whose full style of address is Apartment no. D, House no. 15 (7th Floor), Road No. 17, Banani, Dhaka-1213.

8. Sea Quest's suit was filed consecutively against the following parties:

` 
- The vessel M. V. REGAL STAR (defendant no. 1);
- Thymus Shipping Corporation that is the owner of the vessel M. V. REGAL STAR (defendant no. 2);
- Master of the vessel M. V. REGAL STAR (defendant no. 3);
- Trade Line LLC that is the operator of the vessel M. V. REGAL STAR (defendant no. 4);
- Jang Ha Marine Corporation (defendant no. 5); and
- Fortune Shipping Lines that is the local agents of the vessel M. V. REGAL STAR (defendant no. 6).

9. The plaintiff filed the admiralty suit in the admiralty jurisdiction of High Court Division of Supreme Court, Bangladesh and prayed a decree for a sum of USD $1,000,716.00 only (One Million Seven Hundred Sixteen) against the defendants jointly and / or severally. The plaintiff had also prayed for issuing a warrant of arrest of the vessel M. V. REGAL STAR as security for payment of the decretal amount.

10. It appears from the reading of the plaint of the suit that the plaintiff is the charterer of the vessel M. V. REGAL STAR who brought this suit for breach of charter party agreement by the owner and master of the vessel. It is alleged that the vessel could not take berth at Haldia port due to defect of the vessel and the vessel without loading cargo left Haldia, for which plaintiff allegedly suffered substantial loss totaling USD $1,000,716.00 (One Million Seven Hundred Sixteen) which includes charter hire, port charges and consequential losses.

11. On the same day, the plaintiff filed an separate application for the arrest of the vessel M. V. REGAL STAR then berthed at Mongla Port, Bagerhat, Bangladesh as security for the plaintiff's claim of USD $1,000,716.00 (One Million Seven Hundred Sixteen) only. The presiding Judge Mr. Imman Ali accepted the application and ordered to arrest & attach the vessel as security for the plaintiff's claim.

12. On 16 April 2005, the defendants no. 1 and 3 filed an application for reduction of the bank guarantee amount for release of the vessel M. V. REGAL STAR from the arrest. Upon pursuing the application and other documents, the court reduced the amount of bank guarantee required for release of the vessel to USD $400, 000.00 (Four Hundred Thousand).

13. Moreover, a written objection to the plaintiff's application for arrest the vessel was also submitted to the court on the same day. It appears from the reading of the written objection that the defendants submitted that the plaintiff entered into a charter party contract with Jangha Marine Corporation who had themselves chartered the vessel from the head

owner Thymus Shipping Corporation and accordingly the owner of the vessel is not privy to the contract of the charter party. They also submitted that the amount of USD $281,766.00 (Two Hundred Eighty One Thousand Seven Hundred Sixty Six) was paid to Jangha Marine Corporation, not to the defendants no. 1 and/or 2.

14.    On 24 April 2005, an application filed by defendants no. 1 & 2 for release of the vessel M. V. REGAL STAR by furnishing a bank guarantee being bank guarantee no. LO/RMT/GUR-31/2005 dated 23 April 2005 for USD $400,000.00 (Four Hundred Thousand) issued by Sonali Bank, Local Office, Foreign Exchange Department, Dhaka, which is the amount of claim in the plaint as modified by the Court. The court pursued the application, heard the all parties, accepted the bank guarantee and ordered to release the vessel M. V. REGAL STAR.

15.    Upon issuance of the port clearance, the vessel sailed from Mongla at 1450 hrs. LT on 27 April 2005.

16.    We have retrieved the last order issued by the court on 4 April 2007. It appears from the order that the defendants filed an application for extension of the validity of the bank guarantee no. LO/RMT/GUR-31/2005 dated 23 April 2005 for USD $400,000.00 (Four Hundred Thousand) issued by Sonali Bank, Local Office, Foreign Exchange Department, Dhaka for a further period of one year and accordingly, the court directed the bank to extend the validity of the same.

17.    The suit is still pending in the admiralty jurisdiction of High Court Division of Supreme Court, Bangladesh for further hearing and no application had been moved to return/discharge the bank guarantee till 29 January 2008. In the meantime, we found that no suit had been filed by M. V. REGAL STAR interest against Sea Quest interest for wrongful arrest.

18.    We have made numerous attempts to contact Sea Quest's representative, Mr. Noor Hossain, to discuss his principal's intentions for the further prosecution of this matter

and have been unable to reach him at his stated office.  It would appear to us that Mr. Noor Hossain may no longer be instructed on behalf of Sea Quest given our inability to contact him and the fact that no further prosecution of the alleged claim has been made since March 31, 2005.

19.    Based on Interport's experience in litigating matters before the High Court Division of Supreme Court, Bangladesh and the lack of any apparent progress of the plaint filed by Sea Quest – either by Sea Quest seeking recovery or defendants no. 1 and 2 to dismiss the plaint – it is evident that admiralty suit no. 4 of 2005 will not be resolved anytime within the next several years.

Executed at Chittagong, Bangladesh this 29th day of February, 2008.

**Captain Mohiuddin Abdul Kadir MAK**