UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

THYMUS SHIPPING CORP.,                          :        ECF
                                                         07 Civ. 10522 (LLS)
                              Plaintiff,         :

            -against-                            :        DECLARATION OF
                                                         M. HAFIZULLAH

JANGHA MARINE CORP.,                            :

                              Defendant.         :

------------------------------------------------x

     M. HAFIZULLAH, affirms under penalties of perjury under the laws of the United States, 28 U.S.C. § 1746:

1.    I was enrolled as an Advocate in the High Court of East Pakistan now Bangladesh in 1966 upon passing the Chambership Examination and securing 1st position and have been in practice for the last 41 years and I am presently a Senior Advocate of the Supreme Court of Bangladesh.

2.    I practised for about three years in the High Court and joined Orr, Dignam & Co, a firm of Advocates in Dhaka in 1969 as a legal associate while continuing my practice in the High Court.

3.    I remained associated with Orr, Dignam and became a partner of the firm in 1976 and practised in both the High Court Division and the Appellate Division of the Supreme Court of Bangladesh.

4.    I am presently the Proprietor of Orr, Dignam & Co in Bangladesh which has its Head Office in Dhaka and branch offices in the Port city of Chittagong and in Khulna and Orr, Dignam & Co is the Legal Correspondent of various International Group P&I Clubs.

5.    My main practice in the High Court Division and Appellate Division of the Supreme Court of Bangladesh comprises of maritime cases and I am the co-author of Arrest of Ships --Volume 5-- Bangladesh Chapter published by the Lloyds of London Press Ltd in 1987 and the said publication as far as Bangladesh is concerned relates to Admiralty Court Act, 1861 which has now been repealed by the Admiralty Court Act, 2000 now applicable in Bangladesh.

6.    I was elected as Secretary of the Supreme Court Bar Association for 1978-79 and was elected as President, Supreme Court Bar Association for 1994-95.

7.    I was nominated by the Chief Justice of the Supreme Court of Bangladesh to attend the Academy of American & International Law in 1982 conducted by International & Comparative Law Center in Dallas, USA.

8.    I am the Honorary Legal Adviser to his Excellency, The British High Commissioner in Bangladesh for the last 26 years.

9.    I represent the defendants, Thymus Shipping Corp. ("Thymus") and the MV REGAL STAR in an action brought by Sea Quest Shipping Pte Ltd. ("Sea Quest"), as plaintiff, before the Supreme Court of Bangladesh, High Court Division, Admiralty Division (the "Action").

10.   I have been asked to report on the status of the Action and to comment on the Declaration of Captain Mak, submitted in support of the motion of Jangha Marine Corp. ("Jangha") to reduce the maritime attachment. At the outset, I must state that the case remains active and that Sea Quest can in no way be said to have abandoned its claim therein.

11.   The basic facts are as follows. Thymus chartered the MV REGAL STAR to Jangha by time charter party dated December 1, 2004 (the "Charter Party"). During the period of the Charter Party, Jangha sub-chartered the vessel to Sea Quest for a time chartered trip from Haldia and Paradip, India to China.

12.   The vessel arrived at Haldia as directed by Jangha. Thereafter, Jangha instructed the vessel to leave the port without cargo, Jangha having terminated its sub-charter with Sea Quest.

13.   On March 30, 2005, Sea Quest commenced the Action against Thymus and Jangha, among others, for the breach of charter claiming US$1,000,716 in damages. The alleged damages consisted of the following: 1) US$281,766 Sea Quest had paid to Jangha for advance hire under the cancelled charter; 2) US$18,950 for various port expenses and 3) US$700,000 for consequential losses.

14.   Shortly thereafter, while still under charter to Jangha, the vessel was arrested in Mongla Port, Bangladesh by Sea Quest as security for its alleged claims of over US$1,000,000.

15.   In April 2005, on application by the undersigned for reduction of security for the release of the vessel, the Court reduced the amount of the bank guarantee necessary for such release to US$400,000, essentially denying security for the consequential losses claimed by Sea Quest. A bank guarantee in the amount of US$400,000 was furnished by Thymus, and the vessel was released from arrest. This bank guarantee has been renewed periodically with our application to the Court for an extension of the validity of the bank guarantee.

16.   On April 4, 2006, Thymus filed with the Court its Written Statement in answer to Sea Quest's complaint, a copy of which is annexed hereto as Exhibit 1. Captain Mak in his Declaration failed to note this important filing by Thymus which sets forth its legal position in the Action. As the Written Statement has already been filed against the claim of Sea Quest, the suit is now pending for the framing of issues by the Court with a date to be fixed for the respective parties to file documents with a hearing date to be scheduled thereafter. In fact, I will be before the Court on April 16, 2008 concerning the extension of the bank guarantee at which time I will raise the listing of the framing of issues and fixing of a hearing of the Action at an early date.

-: 4 :-

17. I must disagree with the apparent contention of Captain Mak that there is a motion to dismiss the complaint short of a hearing (Mak Affirmation, ¶ 19). Excepting an amicable settlement in a proceeding contested between the parties there is no procedure in this particular case to move the court for a dismissal of the case. It is only after oral and documentary evidences adduced and produced by the parties and arguments led by the parties, that the Court may pass judgment and decree. In short, there must be a full trial and hearing of the Action. Unfortunately, as there is only a Single Judge of the High Court Division of the Supreme Court of Bangladesh which is vested with Admiralty Jurisdiction, who also hears other matters, it takes time from when the action is started to obtain such a hearing.

18. Finally, Captain Mak is mistaken in his alleged belief that Sea Quest is no longer represented by counsel in the Action. His speculation is based on the premise that Mr. Noor Hossain is Sea Quest's lawyer, who he states he has been unable to reach to discuss the case. In fact, Sea Quest's counsel in this action is Mr. Morshed Ahmed Khan of Lee Khan & Partners, Dhaka, Bangladesh who is now in England and another counsel of Lee Khan & Partners Mr. A.S.M. Abdur Razzaque continues to represent it herein and Mr. A.S.M. Abdur Razzaque today i.e. April 9, 2008 filed an application in Court for extension of the validity of the Bank Guarantee which will come up in the Daily Court List on April 16, 2008 for passing order of extension. A copy of the said application has been served on me which is annexed hereto as Exhibit 2.

The foregoing is true and correct to the best of my knowledge under the penalties of perjury under the laws of the United States.

Executed at Dhaka, Bangladesh, this April 9, 2008.

M. Hafizullah

# Exhibit 1



IN THE SUPREME COURT OF BANGLADESH
HIGH COURT DIVISION

(ADMIRALTY JURISDICTION)

ADMIRALTY SUIT NO.4 OF 2005.

Sea Quest Shipping Pte Ltd.
Singapore.

--- Plaintiff.

-versus-

m.v. REGAL STAR
and others.

--- Defendants.

WRITTEN STATEMENT filed on
behalf of the defendant Nos.1 and 2.

The defendant Nos.1 and 2 beg to state as follows :

1.    That the instant suit is not maintainable against the defendant Nos.1

and 2 within the jurisdiction of this Hon'ble Court and accordingly the

suit is liable to be dismissed against the defendant Nos.1 and 2 and

also the order of arrest of the vessel m.v. REGAL STAR is not

maintainable.



-: 2 :-

2. That the instant suit is not maintainable inasmuch as there exists no

privity of contract between the plaintiff and the owners of the vessel

m.v. REGAL STAR, Thymus Shipping Corporation, Liberia and as

such the instant suit is liable to be dismissed against the defendant

Nos.1 and 2.

3. That the plaintiff has no locus standi to file the above suit against the

vessel m.v. REGAL STAR and her owners and accordingly there is no

cause of action for arrest of the vessel m.v. REGAL STAR.



4. That the suit is bad for misjoinder and nonjoinder of parties.

5. That the suit is barred under the principles of estoppel, waiver and

acquiescence.

6. That save and except which has been expressly admitted hereinafter

each and every statement and allegation contained in the plaint is

specifically denied as if the same are set out herein seriatim and

individually traversed.

-: 3 :-

7.    That the statements made in paragraph 1 of the plaint are matters

not within the knowledge of these defendant Nos.1 and 2 and the

plaintiff is put to strict proof thereof.

8.    That the statements made in paragraph 2 of the plaint that the

defendant No.1 is an ocean going motor vessel flying Vincent flag or

that the defendant No.2 is the owner of the defendant No.1 vessel or

that the defendant No.3 is the Master of the defendant No.1 vessel and

the defendant No.4 is the operator of the defendant No.1 vessel are

matters of record. That the statements made in paragraph 2 of the

plaint that the defendant No.2 is represented in Bangladesh by its

local agent, the defendant No.6, Fortune Shipping Lines are not

admitted and as such denied hereby. It is submitted that the owner of

the vessel of m.v. REGAL STAR is Thymus Shipping Corporation,

Liberia and they are represented in Bangladesh through their local

protecting agent, Bengal Shipping Lines Limited and Jangha Marine

Corporation, Korea is not the agent or broker of the owners of the

-: 4 :-

vessel as alleged by the plaintiff but the charterer of the vessel

m.v. REGAL STAR.

9.    That the statements made in paragraph 3 of the plaint that the plaintiff

after negotiation through its broker Fleet Ship Marine (M) Sdn Bhd

entered into Charter Party Agreement with defendant No.2 who

negotiated through its broker Jangha Marine Corporation for time

charter of the defendant vessel m.v. REGAL STAR for a period of

about 50-70 days to be re-delivered to the owner within May 6, 2005

at a hire of US$14,000.00 per day on pro rata basis or that pursuant to

the Charter Party Agreement the plaintiff paid an amount of

US$281,766.00 to the defendant No.2 on 3.3.2005 and 4.3.2005 being

15 days hire and value of bunkers or that the vessel was to be

delivered by the owner to the charterer on 25th February, 2005 at the

port of Haldia, India are not admitted and as such denied hereby.


10.    That it is submitted that the owner of the vessel Thymus Shipping

Corporation, Liberia time chartered the vessel, m.v. REGAL STAR to







-: 5 :-



Jangha Marine Corporation, Korea vide Charterparty dated 1.12.2004

and Jangha Marine Corporation in turn chartered the vessel m.v.

REGAL STAR to Sea Quest Shipping Pte Ltd, Singapore the plaintiff.

At load port Haldia a dispute arose between Jangha Marine

Corporation and Sea Quest Shipping Pte Ltd due to which Jangha

Marine ended the relationship with Sea Quest Shipping and the

plaintiff has arrested the vessel m.v. REGAL STAR for refund of the

hire of US$281,766.00 allegedly made by Sea Quest Shipping Pte Ltd

to Jangha Marine Corporation as hire and the plaintiff has claimed

US$18,950.00 for expenses allegedly incurred by the plaintiff at

Haldia and the plaintiff has also claimed US$700,000.00 on account

of consequential loss which are not admitted and as such denied

hereby.

11.     That the statements made in paragraph 4 of the plaint that upon

charter of the defendant vessel the plaintiff entered into contract of

carriage with West Bengal Essential Commodities Supplier

Corporation Limited, Kolkata, India for carriage of 18,000 metric tons

-: 6 :-

of Iron ere from India to China are not admitted and as such denied hereby. It is submitted that the plaintiff chartered the vessel m.v. REGAL STAR from Jangha Marine Corporation and accordingly the statements made in paragraph 4 of the plaint are not within the knowledge of these defendants.

12.    That the statements made in paragraph 5 of the plaint that the defendant vessel arrived at the port of Haldia, India and issued Notice of Readiness on 25th February, 2005 to the plaintiff or that the plaintiff sent voyage instructions of the vessel to the Master vide e-mail dated 5th March, 2005 in the manner as stated in the plaint are not within the knowledge of these defendants.

13.    That the statements made in paragraph 6 of the plaint that the plaintiff arranged payment of an amount of US$18,950.00 only on account of pilotage, port dues, berth hire, inward & outward mooring, taxes, draught survey, light dues, agency fees, etc. for the defendant vessel at the port of Haldia are not admitted and as such denied hereby. It is

-: 7 :-

submitted that these are matters between the plaintiff, Sea Quest Shipping Pte Ltd and the charterer, Jangha Marine Corporation and are not within the knowledge of these defendants.

14. That the statements made in paragraph 7 of the plaint that the defendant vessel was equipped with the gear having lifting capacity of 14 metric tons or that the port regulation of Haldia required any vessel to be equipped with gear having lifting capacity not less than 20 MT SWL and any vessel having lifiting capacity below the said requirement could only be allowed to berth with the assistance of shore crane (TMIL Crane) or that since the defendant vessel was equipped with the gear having lifting capacity of 14 metric tons, the vessel could not berth as she needed shore crane (TMIL CRANE) which was not available before March 10, 2005 or that the estimated time for berthing (ETB) of the defendant vessel was fixed approximately on March 11, 2005 which was subsequently re-fixed on 15th March, 2005 or that there was no scope of berthing before March 15, 2005 or that the said fact is evident from the e-mail dated 3.3.2005

-: 8 :-

and berthing prospect dated 6.3.2005 of the vessels at the port of Haldia communicated by Patvolk Haldia to the plaintiff are not admitted and as such denied hereby.

15.  That the statements made in paragraph 8 of the plaint that although the owner declared the lifting capacity to be 14 MT, but the port authority of Haldia informed that the defendant vessel's lifting capacity was only 4 MT and the defendant vessel was blacklisted by the Haldia Port Authority because in a previous call to Haldia port the vessel was in port for about 30 days due to her low capacity lifting gear are not admitted and as such denied hereby.

16.  That the statements made in paragraph 9 of the plaint that since due to self-defect of the defendant vessel she could not berth, the plaintiff put the vessel off hire or that the agent of the plaintiff at Haldia arranged special berthing of the defendant vessel on 12th March, 2005 or that when the Pilot tried to board the vessel on 12th March, 2005 to berth the vessel, the Master of the vessel refused to allow the Pilot to board



-: 9 :-

for berthing or that the Port authorities cancelled the berthing schedule and informed that they will only allocate new berthing schedule when the Master would confirm in writing that he is ready to berth or that the Master stopped all communications with the plaintiff or its agent are not admitted and as such denied hereby as these are matters between the plaintiff, Sea Quest Shipping Pte Ltd and the defendant No.5, Jangha Marine Corporation.

17.    That the statements made in paragraph 10 of the plaint that while the plaintiff and its agent was waiting for Master's confirmation the plaintiff was informed by its agent at the port of Paradip that the vessel arrived at the port of Paradip on 16th March, 2005 without loading the cargo from the port of Haldia are not admitted and as such denied hereby as these are matters between the plaintiff, Sea Quest Shipping Pte Ltd and the defendant No.5, Jangha Marine Corporation.

18.    That the statements made in paragraph 11 of the plaint that the defendants committed wilful breach under the Charterparty



-: 10 :-



Agreement causing huge financial loss to the plaintiff in that because

of such breach on the part of the defendants the plaintiff has defaulted

in the contract of carriage entered into between the plaintiff and the

supplier for carrying the iron ere or that the supplier has already

threatened the plaintiff of lodging claim for the loss sustained by the

supplier are not admitted and as such denied hereby.

19.     That it is submitted that there is no contract between the plaintiff,

Sea Quest Shipping Pte Ltd and the owners of the vessel, Thymus

Shipping Corporation, the defendant No.2 and as such the question of

breach of contract by the owners of the vessel m.v. REGAL STAR

does not arise and hence the vessel m.v. REGAL STAR owned by

Thymus Shipping Corporation is not liable to be arrested.

20.     That the statements made in paragraph 12 of the plaint that the

plaintiff is entitled to get refund of the advance amount of

US$281,766.00 paid by the plaintiff to the defendant No.1 and the

-: 11 :-



defendants are jointly and/or severally liable to refund the said amount

to the plaintiff are not admitted and as such denied hereby.

21.   That it is submitted that the owners of the vessel m.v. REGAL STAR,

Thymus Shipping Corporation did not receive any funds whatsoever

from the plaintiff, Sea Quest Shipping Pte Ltd as there is no contract

between the plaintiff and the owners of the vessel and accordingly the

question of refund of the amount of US$281,766.00 does not arise.

22.   That the statements made in paragraph 13 of the plaint that the

plaintiff is also entitled to the amount of US$18,950.00 only on

account of pilotage, port dues, berth hire, inward & outward mooring,

taxes, draught survey, light dues, agency fees, etc. incurred by the

plaintiff at the port of Haldia for the defendant vessel are not admitted

and denied hereby since these are matters between the plaintiff, Sea

Quest Shipping Pte Ltd and the charterer, Jangha Marine Corporation,

the defendant No.5 and these defendants are not at liable for the same.





-: 12 :-



23.     That the statements made in paragraph 14 of the plaint that due to

breach of the Charter Party Agreement the plaintiff has suffered

substantial consequential loss which has been preliminarily assessed

at US$700,000.00 are not admitted and as such totally denied hereby.

24.     That it is submitted that the plaintiff, Sea Quest Shipping Pte Ltd did

not enter into any Charterparty Agreement whatsoever with the

owners of the vessel, Thymus Shipping Corporation and hence the

question of any breach of the Charterparty by the owners of the vessel

does not arise. Furthermore the alleged claim of the plaintiff of

US$700,000.00 for consequential loss is false, fictitious, imaginery,

without any basis and is not at all maintainable against the defendant

Nos.1 and 2 and such claim has been made only to make illegal gains

and is liable to be rejected.

25.     That the statement made in paragraph 15 of the plaint that the total

claim of the plaintiff comes to US$1,000,716.00 i.e. US$281,766.00

-: 13 :-













on account of refund of the hire and value of bunkers paid by the plaintiff or that US$18,950.00 on account of pilotage, port dues, berth hire, inward & outward mooring, taxes, draught survey, light dues, agency fees, etc incurred by the plaintiff at the port of Haldia or that US$700,000.00 on account of consequential loss or that the defendants jointly and/or severally are liable to pay the above amount to the plaintiff are not admitted and as such denied hereby.

26.    That it is submitted that the defendant No.1 m.v. REGAL STAR and the defendant No.2 Thymus Shipping Corporation i.e. the owner of the vessel m.v. REGAL STAR are not liable in any way whatsoever for any alleged claim of the plaintiff and it is reiterated that the plaintiff's claim for US$700,000.00 as consequential loss is false, imaginary, fictitious and without any basis and are not maintainable against the defendant Nos.1 and 2 and are liable to be rejected forthwith.



-: 14 :-







27.    That the statements made in paragraphs 16 and 17 of the plaint are

not admitted and as such denied hereby. It is submitted that the

**plaintiff** is not entitled to any decree whatsoever against the defendant

Nos.1 and 2 i.e. the vessel m.v. REGAL STAR and her owners,

Thymus Shipping Corporation and the instant suit is liable to be

dismissed against the defendant Nos.1 and 2 and the order of arrest of

the vessel m.v. REGAL STAR dated 31.3.2005 is liable to be vacated

immediately.

28.    That the statements made in paragraphs 18 and 19 of the plaint and its

subparagraphs are not admitted and as such denied hereby.

29.    That it is submitted that the vessel m.v. REGAL STAR completed

discharge of the cargo on 5.4.2005 at 0400 hours and was lying idle

at Mongla due to her arrest on 31.3.2005 and the owners of the vessel

suffered huge financial losses and damages as a result of such

wrongful arrest of the vessel at the instance of the plaintiff and it was



-: 15 :-





most wrongful and illegal for the plaintiff to arrest the vessel and the vessel m.v. REGAL STAR had every right to depart from the territorial waters of Bangladesh.

30.    That it is submitted that the plaintiff has no cause of action against the defendant Nos.1 and 2 for filing the instant suit and application for arrest of the vessel and accordingly the suit is liable to be dismissed against the defendant Nos.1 and 2 and the plaintiff should be held liable for wrongful arrest of the vessel m.v. REGAL STAR. It is submitted that these defendant Nos.1 and 2 filed Written Objections against the plaintiff's application for arrest of the vessel and application for reduction of the Bank Guarantee amount for release of the vessel and the Hon'ble High Court Division upon hearing the parties by order dated 16.4.2005 reduced the amount of Bank Guarantee for release of the vessel m.v. REGAL STAR to US$400,000 and without prejudice to all the defences available to the defendant Nos.1 and 2 and to raise all legal and factual objections

-: 16 :-



against the claim of the plaintiff and arrest of the vessel m.v. REGAL

STAR and the provision for security and to mitigate further losses,

the owners of the vessel m.v. REGAL STAR, Thymus Shipping

Corporation furnished a Bank Guarantee for obtaining release of the

vessel m.v. REGAL STAR, the said Bank Guarantee being

No.LO/RMT/GUR-31/2005 dated 24.4.2005 for US$400,000 issued

by Sonali Bank, Local office, Foreign Exchange Department, Dhaka

and upon hearing the application for release of the vessel the Hon'ble

High Court Division on 16.4.2005 passed an order for release of the

vessel m.v. REGAL STAR and since there is no cause of action

against the defendant Nos.1 and 2 the instant suit should be dismissed

against the defendant Nos.1 and 2 and the aforesaid Bank Guarantee

furnished by the defendant Nos.1 and 2 should be returned to the

concerned bank for cancellation.

31.    That it is submitted that under the Admiralty Court Act, 2000 a time-

chartered ship cannot be arrested for recovery of a claim against the



-: 17 :-



time-charterer unless the time-charterer is the beneficial owner of all the shares of the ship therein. Accordingly in the instant suit the plaintiff ought not to have arrested the vessel m.v. REGAL STAR for recovery of its claim against the time-charterer, Jangha Marine Corporation since the beneficial owner of the vessel m.v. REGAL STAR as regards all the shares in the ship m.v. REGAL STAR is **Thymus** Shipping Corporation being the registered owner of the **vessel and the** instant suit is liable to be dismissed against the vessel m.v. **REGAL STAR and her** owners, Thymus Shipping Corporation and the Bank Guarantee furnished by the owners of the vessel m.v. REGAL STAR, Thymus Shipping Corporation is liable to be returned to the concerned Bank for cancellation.

32.     That these defendant Nos.1 and 2 therefore pray for -

i)      dismissal of the suit against the defendant Nos.1 and 2;

ii)     return of the Bank Guarantee being No.LO/RMT/GUR-31/2005 dated 23.4.2005 for US$400,000 issued by Sonali

-: 18 :-



Bank, Local office, Foreign Exchange Department, Dhaka to

the concerned Bank for cancellation;

iii)    costs in favour of the defendant Nos.1 and 2;

iv)    any other or further order or orders as your Lordships may

deem fit and proper.



## V E R I F I C A T I O N

I, Ahmed Husain Latfir son of Shaikh Syed Mohammed Ahmed Husain the Director of Thymus Shipping Corporation, the owners of the vessel m.v. REGAL STAR having its address at 80 Broad Street, Monrovia, Liberia do hereby declare that the statements made in this Written Statement are true to my knowledge and information as derived from the records of the case which I verily believe to be true and the rest are submissions before this Hon'ble Court and I sign this verification on this the 19th day of March, 2006.

Read by: 02.02.08

Exd. by: 03.02.08.



# Exhibit 2



# IN THE SUPREME COURT OF BANGLADESH

## HIGH COURT DIVISION

### (ADMIRALTY JURISDICTION)

### ADMIRALTY SUIT NO. 4 OF 2005

IN THE MATTER OF:

An application for extension of validity of Bank Guarantee No. LO/RMT/GLR.3t/2005 dated 23.04.2005 for US$ 4,00,000.00 (US$ four hundred thousand) only issued by Sonali Bank, Foreign Exchange Department, Local Office, Dhaka, Bangladesh.

AND

IN THE MATTER OF:

Sea Quest Shipping Pte Ltd.

PLAINTIFF /PETITIONER

Versus

M. V. REGAL STAR and others

DEFENDANTS /OPPOSITE PARTIES

2

To

Mr. Md. Ruhul Amin, the Chief Justice of Bangladesh and his companion Justices of the Hon'ble Supreme Court.

> The humble petition on behalf of the plaintiff/petitioner above named most respectively

**SHEWETH:**

1. That the plaintiff filed the above suit against the defendants for recovery of US$10,00,716.00 only from the defendants on the allegations contained in the plaint and the defendant No. 1 vessel M. V. REGAL STAR was arrested by the Hon'ble Court's order dated 31.03.2005 passed upon the application of the plaintiff

2. That the defendant Nos. 1 and 2 subsequently furnished Bank Guarantee No. LO/RMT/GUR-31/2005 dated 23.04.2005 for US$ 4,00,000.00 (US$ four hundred thousand) only issued by Sonali Bank, Foreign Exchange Department, Local Office, Dhaka, Bangladesh to the satisfaction of the Court and the vessel was released.

3

3.  That the Bank Guarantee was valid up to 23.04.2006 which was subsequently extended from time to time for further periods and is now due to expire on 23.04.2008 and accordingly it is necessary to extend the validity of the said Bank Guarantee for a further period of one year with effect from the date of its expiry.

4.  That it is submitted that the suit is pending and there is no chance of disposal of the above suit before the date of expiry of the validity of the Bank Guarantee and unless the validity of the Guarantee in question is extended, the plaintiff's claim will become insecure and the interest of the plaintiff will be seriously prejudiced. As such the defendants and the concerned Bank may be directed to extend the validity of the Bank Guarantee No. LO/RMT/GUR-31/2005 dated 23.04.2005 for US$ 4,00,000.00 (US$ four hundred thousand) only for a further period of (1) one year with effect from the date of its expiry, i.e., 23.04.2008.

5.  That this application is filed bonafide.

Wherefore, it is most humbly prayed that your Lordships would graciously be pleased to pass an order directing the defendants and their Banker Sonali Bank,

4

Foreign Exchange Department, Local Office, Dhaka, Bangladesh to extend the validity of the Bank Guarantee No. LO/RMT/GUR-31/2005 dated 23.04.2005 for US$ 4,00,000.00 (US$ four hundred thousand) only for a further period of (1) one year up-to 23.04.2009 with effect from the date of its expiry, i.e., 23.04.2008 and if the Guarantee is not extended within the time the Bank Guarantee may be invoked/encashed and/or pass such other or further order or orders as your Lordship may deem fit and prosper.

And for this act of kindness the plaintiff/petitioner as in duty bound shall ever pray.

Filed by:

(A S M Abdur Razzaque)
Advocate
for the plaintiff/petitioner