LENNON, MURPHY & LENNON, LLC
Attorneys for Defendant
JANGHA MARINE CORP.
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone:   (212) 490-6050
Facsimile:   (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THYMUS SHIPPING CORP.,                : 07 CV 10522 (LLS)
                                      :
                     Plaintiff,       : ECF CASE
                                      :
         - against -                  :
                                      :
JANGHA MARINE CORP.,                  :
                                      :
                     Defendant.       :
------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO REDUCE ATTACHMENT

Relying exclusively on Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren Ltd., 485 F. Supp.2d 399 (S.D.N.Y. 2007), Thymus Shipping Corp. ("Thymus" or "Plaintiff") contends that it has met its burden of showing to this Court that it has alleged a valid prima facie maritime claim and its attachment should be maintained. However, Thymus both misreads and selectively quotes from Judge Hellerstein's decision in Navalmar and fails to persuasively distinguish the decisions relied upon by Jangha Marine Corp. ("Jangha" or "Defendant") which deny security for indemnity claims.

In Navalmar case it was common ground that there was a strong basis for actual liability to be incurred by plaintiff. "The parties do not dispute that the goods carried by the M/V Patara between Turkey and Yemen suffered damage in the ocean carriage." See Navalmar, 485 F.

Supp.2d at 403. In such a circumstance it is reasonable that Judge Hellerstein found that security should be permitted to be obtained for the indemnity claim against the vessel charterer.

However, in stark contrast, here there is no such realistic possibility that liability will be established against Thymus. Thymus here is seeking security from Jangha for, *inter alia,* security it had to post to free its vessel from arrest by non-party Sea Quest Shipping Pte Ltd. ("Sea Quest") who were the sub-charterers of its vessel. As made clear in Written Statement to the Bangladeshi Court, Thymus vigorously denies that Sea Quest had any colorable basis to arrest its vessel. *See Exhibit 1 to Declaration of M. Hafizullah.* Thymus' assertion in this regard is supported by Jangha in its submission to the London arbitration panel insofar the claims made over against Jangha by Thymus essentially do nothing more than carry out the further unlawful arrest perpetrated by Sea Quest. *See Exhibit 8 to Declaration of Kevin J. Lennon.* Thus, the potential for actually liability to be incurred, and for which security on an indemnity claim should be granted, is non-existent.

Further, Sea Quest's action, threadbare of any merit on its face, has been entirely dormant for 3 years save for a curiously timed (i.e., only *after* Jangha moved for partial vacatur) application to extend the bank guaranty. However, extension of a bank guaranty obviously does nothing to substantively progress the merits of Sea Quest's claim against Thymus. The dormancy of Sea Quest's claim is explained by the fact that it has very likely gone out of business as explained in Jangha's papers. That a Bangladeshi attorney has filed an application seeking to extend the guaranty for an entirely fabricated claim does not change the fact that Sea Quest has done nothing to progress its claim (Thymus "crystal clear" reference notwithstanding – *see Thymus Memorandum of Law at 3*), that Sea Quest appears to have gone out of business as


shown by Jangha's separate recovery action against Thymus (*see Exhibit 5 to Declaration of Kevin J. Lennon*), and that the claim itself has absolutely no merit. If the claim had <u>any</u> merit it is inescapable that Sea Quest would have progressed the matter – and especially as against Jangha with whom it was in direct contractual privity and who was named as a party defendant to the Sea Quest action. That Sea Quest has done nothing speaks to the fact that its claim has no merit and that, even if it did, it is simply not in existence any longer and thus incapable of prosecuting its action.

Finally, in all fairness Sea Quest's action should have been dealt with years ago by Thymus and/or the Bangladeshi Court. Thymus now two year old "Written Statement" (*see Exhibit 1 to M. Hafizullah Declaration*) is the last substantive development in the Bangladeshi proceeding. In the circumstances, it strikes Jangha as simply incredible that there is no procedure akin to a motion to dismiss to deal with the improper litigation carried out by Sea Quest. Yet, this is what Mr. Hafizullah would have this Court believe. We note in passing that this characterization of the limited procedures available to litigant to Bangladeshi proceedings runs quite contrary to the facts of this case since the Bangladeshi Court acted quite quickly as when Thymus made an application to reduce the size of Sea Quest's arrest soon after the arrest was issued. See *Exhibit 9 to Declaration of Kevin J. Lennon (Enclosure 3)*.

In accord with the decisions by Judge Haight in <u>Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd.</u>, 2007 A.M.C. 1018, 2007 U.S. Dist. LEXIS 19531 (S.D.N.Y. 2007), Judge Karas in <u>J.K. Int'l Pty Ltd. v. Agrikos S.A.S.</u>, 2007 A.M.C. 783, 2007 U.S. Dist. LEXIS 10074 (S.D.N.Y. 2007) and Judge Kaplan in <u>Bottiglieri di Navigazione SpA v. Tradeline LLC</u>, 2007 A.M.C. 1013, 472 F. Supp. 2d 588 (S.D.N.Y. 2007), this Court should partially vacate Thymus

attachment for security on the Bangladeshi bank guarantee as the same does not constitute a valid prima facie maritime claim and/or that such indemnity claim is premature and contingent, in either case being an insufficient predicate for security under Supplemental Admiralty Rule B.

Dated: April 15, 2008
      New York, NY

                            Respectfully submitted,

                            The Defendant,
                            JANGHA MARINE CORP.

By: _____
                            Kevin J. Lennon
                            LENNON MURPHY & LENNON, LLC
                            The GrayBar Building
                            420 Lexington Ave., Suite 300
                            New York, NY 10170
                            (212) 490-6050 (phone)
                            (212) 490-6070 (fax)
                            kjl@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on April 15, 2008, a copy of the foregoing Reply Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Kevin J. Lennon