UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THYMUS SHIPPING CORP.,                           :    07 CV 10522 (LLS)
                                                 :
                Plaintiff,                       :    **COUNTERCLAIM**
                                                 :
        - against -                              :
                                                 :
JANGHA MARINE CORP.,                             :
                                                 :
                Defendant.                       :
----------------------------------------------------------------X

Defendant/Counterclaimant, JANGHA MARINE CORP. (hereafter referred to as "JANGHA" or Defendant/Counterclaimant) by its attorneys, LENNON, MURPHY & LENNON, LLC, hereby states the following, upon information and belief, as its Counterclaim against the Plaintiff, THYMUS SHIPPING CORP. (hereafter referred to as "THYMUS" or Plaintiff):

1. Pursuant to the terms of a charter party dated December 1, 2004, JANGHA chartered the M/V Regal Star (hereafter referred to as "Vessel") from the Plaintiff.

2. JANGHA at all times carried out its obligations under the charter party including the payment of all hire due and owing to THYMUS.

3. The Vessel was re-delivered to THYMUS on or about April 26, 2005.

4. On or about September 12, 2005 JANGHA issued a final Statement of Account to THYMUS which shows a balance owed in its favor in the sum of $165,450.52. Although payment for this sum has been duly demanded, THYMUS has failed to remit payment to JANGHA.

5. Disputes have arisen between the parties regarding matters arising under the aforesaid charter party and arbitration has been commenced and is pending in London, England.

6. On or about January 19, 2006 JANGHA submitted its Reply in the London arbitration denying THYMUS' claims and making a counterclaim against THYMUS for payment of the $165,450.52, plus interest and costs thereon, due to JANGHA. A copy of JANGHA's Rely Submission is attached hereto as Exhibit 1.

7. THYMUS' failure to remit payment due and owing to JANGHA constitutes a breach of the aforesaid charter party.

8. As a consequence of THYMUS's breach of the aforesaid charter party, JANGHA has sustained damages in the sum of $165,450.52, plus interest, fees and costs thereon, consisting of the unpaid sum due and owing under the final Statement of Account.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, JANGHA expects to recover the following amounts at London arbitration:

| | | |
|---|---|---|
| A. | On the principal claim: | $165,450.52; |
| B. | 4 years interest[1] on the principal claim: | $ 57,310.14; |
| C. | Arbitration costs: | $ 25,000.00; and |
| D. | Attorneys' fees: | $ 75,000.00. |
| **Total:** | | **$322,760.66.** |

10. The above stated counterclaim arises out of the same transaction or occurrence with respect to which the action was originally filed by THYMUS. THYMUS has, pursuant to Supplemental Admiralty Rule B, attached JANGHA's property in this district in the approximate sum of $268,597.19, via service of process of maritime attachment and garnishment at various

---

[1] Interest is calculated at 7.5% compounded quarterly from September 12, 2005 (the date of the final Statement of Account) until September 12, 2009 when it may reasonably be expected that the London arbitration panel may issue a decision in the pending arbitration.

garnishee banks in this district. Such attachment stands as security for THYMUS' alleged claims against JANGHA.

11.    Defendant as counterclaimant is entitled pursuant to Supplemental Admiralty Rule E(7)(a) to security for its above stated counterclaim in the sum of $322,760.66.

WHEREFORE, the Defendant/Counterclaimant prays as follows:

A.    That the Court, in accordance with Supplemental Admiralty Rule E(7)(a), order the Plaintiff, Thymus Shipping Corp., to provide Defendant/Counterclaimant, Jangha Marine Corp., security for its counterclaim in the sum of $322,760.66, in a form agreeable to the parties, or in a form subject to further Court order;

B.    That the Court enter judgment against Plaintiff and in favor of Defendant/Counterclaimant in the amount of any forthcoming arbitration award obtained by the Defendant/Counterclaimant against the Plaintiff, plus interest, costs and attorneys' fees;

C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with the Defendant's counterclaim currently pending, including any appeals thereof; and

D.    That the Defendant/Counterclaimant have such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:    May 28, 2008
            New York, NY

                              The Defendant,
                              JANGHA MARINE CORP.

                              By: _____
                              Kevin J. Lennon
                              LENNON MURPHY & LENNON, LLC
                              The GrayBar Building
                              420 Lexington Ave., Suite 300
                              New York, NY 10170
                              (212) 490-6050 (phone)
                              (212) 490-6070 (fax)
                              kjl@lenmur.com

TO:    Cardillo & Corbett
          Attorneys for Plaintiff
          THYMUS SHIPPING CORP.
          29 Broadway, Suite 1710
          New York, NY 10006
          Attn: James P. Rau, Esq.

## ATTORNEY'S VERIFICATION

State of Connecticut )
                        ) ss.: Town of Southport
County of Fairfield )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Defendant/Counterclaimant, Jangha Marine Corp.

4. I have read the foregoing Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Defendant/Counterclaimant is that the Defendant/Counterclaimant is a business organization without any officers or directors now within this district.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant/Counterclaimant and agents and/or representatives of the Defendant/Counterclaimant.

7. I am authorized to make this Verification on behalf of the Defendant/Counterclaimant.

Dated:    Southport, Connecticut
            May 28, 2008

_____
Kevin J. Lennon

## AFFIRMATION OF SERVICE

I hereby certify that on May 28, 2008, a copy of the foregoing COUNTERCLAIM was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Kevin J. Lennon

# EXHIBIT 1



歐華律師行
香港中環花園道一號中銀大廈四十一樓

**Dibb Lupton Alsop**
41/F, Bank of China Tower
1 Garden Road
Central
Hong Kong
DX 009157 Central 1
T +852  2103 0882
F +852  2810 1345
W www.dlapiper.com

**By Airmail & By Fax (44 1279 77 1968)**
Alan Oakley Esq.
Hoy's Farm
Upwick Green, Albury
Ware, Hertfordshire, SG11 2LD
United Kingdom

Your reference

Our reference
                NM.1890-1

**By Airmail & By Fax (44 1444 876941)**
William Robertson Esq.
The Atlas Room
37 Woodpecker Crescent, Burgess Hill,
West Sussex RH15 9XY
United Kingdom

19 January 2006

Dear Sirs,

**Regal Star C/P dated 1 December 2004**
**Claimants : Thymus Shipping Corp**
**Respondents : Jangha Marine Corp**

1. Paragraph 1 of the Claim Submissions is admitted.

2. Paragraph 2 of the Claim Submissions is admitted.

3. Save that it is admitted that the Respondents sub-chartered the vessel to Sea Quest Shipping Pte Ltd for a time charter trip of about 50-70 days, paragraph 4 of the Claim Submissions is denied.

4. No admissions are made as to paragraph 4 of the Claim Submissions save that the enclosures are admitted.

5. Save that it is admitted that the Respondents ordered the Master to wait and later to leave Haldia without loading cargo, no admissions are made as to paragraph 5 of the Claim Submissions.

6. No admissions are made as to paragraph 6 of the Claim Submissions. The Respondents withdrew the vessel from the sub-charter due to the failure of Sub-Charterers to pay hire and subsequently fixed the vessel for a voyage to Bangladesh.

合伙人
夏禮義 陳雁 陳承元 簡基華
戴域信 狄炳奇 馮敬德 高思本 雷祖德
呂馮美儀 ¹ 席能治 馬碧集
吳曜廣 顧愛生 岑君毅 溫可 葉忠吉

顧問律師
陳立峰 謝廣春 鄭思和 鄭凱明 李在哲

¹國際公證人
²中國司法部委托公證人

Regulated by the Law Society of Hong Kong.

**Partners:**
Jason D Carmichael, Kevin Chan, Roy S
Y Chan, Christopher J D Clarke, Justin C
Davidson, Claudio de Bedin, King Tak
Fung, Satpal Gobindpuri, Andrew C T
Lui, Mabel M Lui¹², Nicholas Mallard,
Prudence J Mitchell, Ivan C K Ng,
Suzanne M Pearson, Ronald K N Sum,
Horace Wenn, John Yeap

**Consultants:**
Daniel Chan, Gigi K C Cheah, Stewart
Crowther, K Minh Dang, Steven
Dewhurst, JC Lee, Kevin J Murphy

¹Notary Public
²China-appointed Attesting Officer

**Dibb Lupton Alsop** is part of DLA
Piper Rudnick Gray Cary, a global
organisation.

**Hong Kong switchboard**
+852 2103 0808

Serving clients worldwide across Asia, Europe and the United States of America.

h:\JP\tt\1890-1\alan-2B.doc

Alan Oakley Esq.
William Robertson Esq.
Regal Star
C/P dated 1 December 2004
Continuation 2
19 January 2006

7. Save that is admitted that the vessel was arrested at Mongla, paragraph 7 of the Claim Submissions is denied. The vessel was arrested pursuant to a spurious claim brought against the Claimants upon allegations made by Sea Quest Shipping Pte Ltd as to the existence of a contract between themselves and the Claimants and that the contract had been breached by the Claimants in consequence of which losses were allegedly suffered, which allegations were fabricated and as to which the Respondents have no concern or responsibility. The Respondents rely upon the documents filed at court in Bangladesh and disclosed by the Claimants under cover of Winter Scott's letter of 6 December 2005.

8. Paragraph 8 of the Claim Submissions is admitted.

9. Paragraph 9 of the Claim Submissions is denied. There was no "encumbrance" as contemplated within the meaning of clause 18 of the charter as the arrest was not incurred by the Respondents or their agents. The arrest was granted by the court in respect of a spurious claim brought by a third party against the Claimants and was effected by a rogue court in consequence of that spurious claim. The arrest was not effected by reason of or in consequence of the employment of the vessel by the Respondents. The Respondents rely upon the documents filled at Court in Bangladesh. The Respondents cannot be held responsible for rogue actions of third parties and third world courts in circumstances involving no fault on the part of the Respondents or their agents. The Respondents were not obliged to provide security. Whilst the circumstances of the rogue arrest were unfortunate, the responsibility for the arrest consequent upon pursuit of such a spurious claim cannot be laid upon the Respondents. The cause of the arrest was not the employment of the vessel but the pursuit of a fabricated claim, namely the allegation of privity of contract between Sea Quest Shipping Pte Ltd and the Claimants.

10. As to paragraph 10 of the Claim Submissions, it is admitted and averred that the Respondents declined to provide security. There was no obligation upon the Respondents to provide security. The Claimants failed to promptly provide security and, by reason thereof, failed to act reasonably to mitigate their alleged losses.

Alan Oakley Esq.<br>
William Robertson Esq.<br>
Regal Star<br>
C/P dated 1 December 2004<br>
Continuation   3<br>
19 January 2006

## Particulars

(1) The Claimants were themselves under a duty to provide security promptly upon the arrest of the vessel in order to enable the vessel to promptly resume trading.

(2) The Claimants could have provided security within 12 hours of the arrest in order to enable the vessel to resume trading and could have thereafter disputed the spurious claim in the court of Bangladesh in order to defeat the claim and obtain release of the security.

(3) Further, in so far as the Respondents could have been under a duty to provide security for the claim, which is denied, the Respondents declined to do so, whereupon the duty fell upon the Claimants to mitigate their alleged losses.

(4) In all material respects, the Claimants failed to act reasonably to mitigate their alleged losses by the prompt provision of security.

11. As to paragraph 11 of the Claim Submissions, no admissions are made as to the facts and matters alleged in the first and second sentences and it is denied that the Respondents failed to give notice as alleged or at all and the final sentence of the paragraph is denied.

12. Paragraph 12 of the Claim Submissions is denied.  The Respondents submit that the market rate for the vessel at the relevant time was US$12,500 or more and thus that there can be no loss as alleged or at all and/or that the Claimants failed to act reasonably to mitigate alleged losses.

13. Paragraph 13 of the Claim Submissions and the Claimants' Final Hire Statement are denied.  We enclose herewith the Respondents' Final Statement of Account pursuant to which a balance of US$165,450.52 is due and owing to the Respondents.

14. Paragraph 14 of the Claim Submissions is admitted and averred.  The vessel was unable to perform any service required of her during the period of arrest and was off-hire.

Alan Oakley Esq.
William Robertson Esq.
Regal Star
C/P dated 1 December 2004
Continuation 4
19 January 2006

15. Save for the quotation from Clause 65 of the Charterparty, paragraph 15 of the Claim Submissions is denied. Clause 65 of the Charterparty has no application to the facts of the arrest which was occasioned by reason of the prosecution of a spurious claim as referred to in paragraph 9 above and not by reason of personal act or omission of the Respondents or their agents.

16. Paragraph 16 of the Claim Submissions is denied. The arrest was occasioned by the pursuit of a spurious claim brought by Sea Quest Shipping Pte Ltd against the Claimants, alleging the existence of a contract between these persons.

17. Paragraph 17 of the Claim Submissions is denied.

18. Paragraph 18 of the Claim Submissions is denied. There was no breach of clause 18 of the Charterparty.

19. No admissions are made as to paragraph 19 of the Claim Submissions and the Claimants are put to strict proof of all allegations therein.

20. Paragraph 20 of the Claim Submissions is denied.

21. Paragraph 21 of the Claim Submissions is denied. The Bangladeshi proceedings arose in consequence of rogue action brought spuriously against the vessel by a third party and not in consequence of the employment of the vessel by the Respondents. The consequences of this rogue action were unfortunate but are not the responsibility or liability of the Respondents.

22. Paragraph 22 of the Claims Submissions is denied.

23. The Respondents counter-claim the balance of account in accordance with their Final Hire Statement.

24. Specifically, the Respondents counter-claim : -

  (1)  US$165,450.52 and/or damages;

Alan Oakley Esq.<br>
William Robertson Esq.<br>
Regal Star<br>
C/P dated 1 December 2004<br>
Continuation   5<br>
19 January 2006

(2)   interest; and
(3)   costs.

Yours faithfully,

*[signature]*

Dibb Lupton Alsop
Solicitors for the Respondents
Encl.

c.c.   Winter Scott (By Fax No.44 20 7626 5591)
       Attn: Mr. Glenn Winter/Mr. James King
       Your Ref: JCK/175-5

Case 1:07-cv-10522-LLS    Document 17    Filed 05/28/2008    Page 12 of 14

# JANG HA MARINE CORPORATION

7TH FL, HANARO BLDG. NO.194-4, INSA-DONG, CHONGRO-KU, SEOUL, KOREA
TEL : 82-2-2076-8500  FAX : 82-2-730-9416/7  e-mail : jangha@jangha.co.kr  TELEX : K 35209 JANGHA

## STATEMENT OF ACCOUNT

REF NO : MV REGAL STAR
TO: THYMUS SHIPPING CORPORATION        DATE   : 12TH SEP., 2005

| ITEM | DESCRIPTION | | |
|---|---|---|---|
| RE | FINAL HIRE STATEMENT OF MV REGAL STAR | ILOHC | 3250 |
| DELIVERY TIME | DLOSP MUMBAI 1800GMT 27TH DEC., 2004 | INTETMEDIATE | 2000 |
| BOD | IFO : 126.5MT    MDO : 52.6MT | C.V.E/MONTH | 1000 |
| REDELIVERY | DLOSP MONGLA 1230GMT 26TH APR., 2005 | | |
| BOR | IFO : 196.3MT    MDO : 53.5MT | | |

TOTAL DURATION      119.770833    DAYS
NET DURATION         96.958333    DAYS
TOTAL OFF-HIRE       22.812500    DAYS

| ITEM | DESCRIPTION | | | | Cr | Dr |
|---|---|---|---|---|---|---|
| HIRE | USD | 12500 | X | 119.770833 | $1,497,135.42 | |
| | FM | 2004-12-27 18:00 | GMT | | | |
| | TO | 2005-04-26 12:30 | GMT | | | |
| LESS ADD COMM | 2.50% | | | | | $37,428.39 |
| BROKERAGE | 1.25% | | | | | $18,714.19 |
| OFF HIRE | DUE TO OWNERS' MATTER AT HALDIA | | | | | |
| | USD | 12500 | X | 1.437500 | | $17,968.75 |
| | FM | 2005-03-15 16:00 | | | | |
| | TO | 2005-03-17 02:30 | | | | |
| OFF HIRE | DUE TO ARREST AT MONGLA | | | | | |
| | USD | 12500 | X | 21.375000 | | $267,187.50 |
| | FM | 2005-04-05 3:30 | | | | |
| | TO | 2005-04-26 12:30 | | | | |
| REFUND ADD COM | 2.50% | | | | $7,128.91 | |
| REFUND BROKER | 1.25% | | | | $3,564.45 | |
| C.V.E | | 1000 | | | $3,992.36 | |
| REFUND C.V.E | | 1000 | | | | $760.42 |
| B.O.D | IFO | 126.500 | USD | 210 | $26,565.00 | |
| | MDO | 52.600 | USD | 440 | $23,144.00 | |
| B.O.R | IFO | 196.300 | USD | 210 | | $41,223.00 |
| | MDO | 53.520 | USD | 440 | | $23,548.80 |
| OFF-BUNKER | IFO | 15.80 | MT | 210 | | $3,318.00 |
| | MDO | 3.60 | MT | 440 | | $1,584.00 |

| | | | | |
|---|---|---|---|---|
| INTERMEDIATE | HOLD CLEANING AT JEDDAH | | $2,000.00 | |
| | HOLD CLEANING AT HALDIA | | $2,000.00 | |
| ILOHC | AT MONGLA | | $3,250.00 | |
| ON-HIRE SURVEY FEE | | | | $100.00 |
| OWNER EXPENSE | WATCHMAN USD252+FW USD88+CREW CHANGE USD 1045 | | | $1,385.00 |
| HIRE PAYMENT | 1ST | 30TH DEC 04 | | $230,677.25 |
| | 2ND | 11ST JAN 05 | | $181,491.61 |
| | 3RD | 26TH JAN 05 | | $182,968.75 |
| | 4TH | 14TH FEB 05 | | $180,968.75 |
| | 5TH | 25TH FEB 05 | | $180,968.75 |
| | 6TH | 14TH MAR 05 | | $180,968.75 |
| | 7TH | 28TH MAR 05 | | $182,968.75 |
| TOTAL | | | $1,568,780.14 | $1,734,230.65 |
| BALANCE DUE TO CHARTERER | | | $0.00 | ($165,450.52) |
| GRAND TOTAL | | | $1,568,780.14 | $1,568,780.14 |