UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THYMUS MARINE CORP.,                          :        07 Civ. 10522 (LLS)
                                              :
                           Plaintiff,         :        ECF CASE
                                              :
        - against -                           :
                                              :
JANGHA MARINE CORP.,                          :
                                              :
                           Defendant.         :
-----------------------------------------------------------------X

## DECLARATION OF KEVIN J. LENNON IN SUPPORT OF
## JANGHA MARINE CORP.'S MOTION FOR COUNTER SECURITY
## AS PER SUPPLEMENTAL RULE E(7) AND LOCAL ADMIRALTY RULE E.1

Kevin J. Lennon, declares under penalty of perjury of the laws of the United States of

America as follows:

1.      I am an attorney admitted to practice before this Honorable Court and act as counsel

for the Defendant herein, JANGHA MARINE CORP. ("Jangha" or "Defendant").

2.      I submit this Declaration based on facts and information known to me personally, as

well as documents and information provided to me by Defendant and its representatives, all of

which I believe to be true and accurate.

3.      The Plaintiff, THYMUS SHIPPING CORP. ("Thymus" or "Plaintiff") commenced

this action sounding in admiralty seeking Process of Maritime Attachment and Garnishment

("PMAG") pursuant to Supplemental Admiralty Rule B.  Plaintiff filed its Verified Complaint on

November 21, 2007.  Plaintiff's Verified Complaint prayed for the issuance of an ex parte Order

authorizing the issuance of a PMAG against Defendant's assets located in this District in the

amount of $791,500.73, inclusive of estimated interest, attorneys' fees and costs. *See a copy of*

*Plaintiff's Verified Complaint attached hereto as Exhibit 1.*

4.      On or about November 21, 2007 Plaintiff obtained, on an ex parte basis, an order of maritime attachment in the amount $791,500.73. The Clerk of Court subsequently issued a PMAG in the same amount. Plaintiff thereafter served the attachment order and PMAG on various non-party garnishee banks located within the Southern District of New York. To date, a total of $268,597.15 of the Defendant's funds have been attached as a result of Plaintiff's service of its PMAG. *See a copy of the Ex Parte Order attached hereto as Exhibit 2.*

5.      Pursuant to a maritime contract of charter dated December 1, 2004 the Plaintiff chartered the M/V Regal Star ("Vessel") to Defendant who, in turn, sub-chartered the Vessel to non-party Sea Quest for one time chartered trip from Haldia and Paradip, India to China. The Vessel was directed to and arrived at Haldia, India for loading of Sea Quest's cargo. However, Sea Quest having failed to pay hire on the sub charter party to Jangha as required, Jangha terminated the sub charter party.

6.      Thereafter, Jangha re-let the Vessel by way of a new sub charter to non-party Jade Fortune Investment Inc. ("Jade"). Jangha advised Thymus to follow Jade's forthcoming voyage instructions. Jade subsequently issued voyage instructions to Thymus who followed the same and loaded Jade's cargo at Haldia. The Vessel subsequently arrived at Chittagong, Bangladesh to discharge Jade's cargo. However, on or about March 31, 2005, Sea Quest unlawfully arrested the Vessel for an alleged claim of loss and damages stemming from the events at Haldia, India.

7.      Thymus thereafter arranged for the Vessel's release by posting a bank guarantee in the sum of $400,000 to secure Sea Quest's alleged claims. Following the initial filing of Sea Quest's arrest papers, and a challenge by Thymus to the size of the alleged claims supporting the arrest, there has been no virtually activity in the Bangladeshi proceedings although it was asserted

by Thymus in Jangha's recent motion seeking to partially vacate Thymus' maritime attachment that the Bangladeshi proceedings were being advanced.

8.    As a result of being required to post a bank guarantee Thymus filed the subject maritime attachment seeking the following: (a) payment of alleged outstanding hire and port costs in the sum of $154,270.71; (b) counter security for the bank guarantee in the sum of $400,000; (c) costs of the bank guarantee n the sum of $54,576; and (d) interest, arbitration fees and attorneys' fees in the sum of $182,654.202.

9.    The parties have fully submitted their dispute to London arbitration the last brief being submitted by Thymus on April 26, 2006. In this respect, it is to be noted that while Thymus has asserted a claim in the arbitration for unpaid hire and port expenses due and owing from Jangha under the parties' contract, Jangha has counterclaimed on the basis that the final accounting under the parties' contract shows a balance due to it of $165,450.52. Jangha reserved its right to seek security on its counterclaim pursuant to Supplemental Rule E(7) as part of its recent motion seeking to partially vacate Thymus' maritime attachment.

10.    Jangha filed its Counterclaim on May 28, 2008 which included a copy of Jangha's Reply with Counterclaim that was submitted in the London arbitration. Jangha's Reply appended a copy of Jangha's Statement of Account dated September 12, 2005 reflecting a balance due to Jangha from Thymus in the sum of $165,450.52. *See a copy of Jangha's Counterclaim attached hereto as Exhibit 3.*

11.    As alleged in the Counterclaim, Jangha at all times carried out its obligations under the Thymus – Jangha charter party including payment of all hire due and owing to Thymus; that the vessel was re-delivered to Thymus on or about April 26, 2005; and that a final Statement of Account issued to Thymus dated September 12, 2005 reflected a balance due to Jangha from

3

Thymus in the sum of $165,450.52 which, though duly demand, no part of which had been paid by Thymus. *See ¶¶ 2 – 4 of Jangha Counterclaim, Ex. 3.*

12.     As further alleged in the Counterclaim, all disputes arising under the charter party have been submitted to arbitration in London with English Law to apply. *See ¶ 5 of Jangha Counterclaim, Ex. 3.*

13.     On the basis of the foregoing, Defendant's Counterclaim against Plaintiff is summarized as follows:

|   |   |   |
|---|---|---|
| a. | Jangha Statement of Account[1] ("SOA"): | $165,450.52; |
| b. | Interest on SOA at 7.5% compounded quarterly for $4^2$ years: | $57,310.14; |
| c. | Arbitration costs: | $25,000.00; and |
| d. | Attorneys' fees: | $75,000.00. |
| **Total:** | | **$322,760.66.** |

14.     Quite obviously, Defendant's Counterclaim arises from the same charter party and facts and circumstances as that which underpins Plaintiff's claim. The counterclaim therefore arises from the same transaction that forms the basis of Plaintiff's Verified Complaint, and is properly the subject of a counter security demand and application under Supplemental Rule E(7).

15.     Despite due demand, Thymus has refused to provide countersecurity to Jangha in the amount of $322,760.66 notwithstanding Supplemental Admiralty Rule E(7)'s mandate that a

---

[1] The amount due to Jangha under the charter party is essentially a return of overpaid hire reflecting the time period that Jangha lawfully placed the vessel offhire while at Mongla where she was arrested by Sea Quest. The approximate 21 days of off hire resulting in a $267,187.50 reduction to the hire due to Thymus from Jangha under the charter party. *See Jangha Statement of Account dated September 12, 2005 appended to Jangha Reply and Counterclaim dated January 19, 2006 appended to Jangha Counterclaim. Ex. 3.*

[2] It is to be noted that Jangha's Statement of Account is dated *September 12, 2005* and thus the amount due is now already subject to nearly 3 years of accumulated interest.

Plaintiff *must* give security for damages in the counterclaim unless the court for cause shown directs otherwise. For this reason, Defendant seeks from this Honorable Court an order pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure directing Plaintiff to post countersecurity in favor of Defendant in the amount of $322,760.66.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: June 27, 2008
     Southport, CT

Kevin J. Lennon

## AFFIRMATION OF SERVICE

I hereby certify that on June 27, 2008, a copy of the foregoing Declaration of Kevin J. Lennon in Support of Motion for Countersecurity was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____

Kevin J. Lennon

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------------x
THYMUS SHIPPING CORP.,                   :
                                         :
                      Plaintiff          :     07  CV  10522
                                         :
          -against-                      :                    VERIFIED COMPLAINT
                                         :
JANGHA MARINE CORP.,                     :     NOV 2 1 2007
                                         :
                      Defendant.         :     U.S.D.C. S.D. N.Y.
----------------------------------------x     CASHIERS

          Plaintiff, THYMUS SHIPPING CORP. (hereinafter

referred to as "Plaintiff"), by and through its attorneys,

Cardillo & Corbett, as and for its Verified Complaint against

the Defendant JANGHA MARINE CORP. (hereinafter referred to as

"Defendant") alleges, upon information and belief, as follows:

          1.    This is an admiralty and maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure and 28 United States Code § 1333.

          2.    At all times material to this action, Plaintiff

was, and still is, a foreign company duly organized and

existing under the laws of Liberia with an address at 80 Broad

Street, Monrovia, Liberia.

          3.    Plaintiff is and was, at all material times, the

registered owner of the M/V REGAL STAR (the "Vessel").

          4.    Upon information and belief, Defendant was, and

still is, a foreign corporation, or other business entity,

organized under, and existing by virtue of foreign law, with an

address at RM 703 Hanaro Bldg No. 194-4 Insa-Dong, Chongro-Ku,
Seoul 110-794, Korea, and was at all material times the
charterer of the Vessel.

     5.    Plaintiff and Defendant entered into a time
charter party dated December 1, 2004, pursuant to which
Plaintiff let and Defendant hired the Vessel (the "Charter
Party").

     6.    Under the terms of the Charter Party, it was the
duty of Defendant as charterer of the Vessel to pay hire
in U.S. dollars at the rate of $12,500 per day commencing from
the time of delivery of the Vessel under the Charter Party
until the date of her redelivery.

     7.    The Vessel was delivered to Defendant on
December 27, 2004, and was redelivered to Plaintiff on April
26, 2005.

     8.    During the period of the Charter Party,
Defendant apparently entered into a voyage charter of the
Vessel with a third party sub-charterer.

     9.    Prior to the Vessel's redelivery, the Vessel was
arrested in Bangladesh as security for claims brought by the
sub-charterer against the Defendant for cancellation of the
voyage charter between them.

     10.    In order to release the Vessel from arrest,
Plaintiff was required to retain lawyers in Bangladesh and post

2

security in the form of a bank guarantee in the amount of $400,000. An action is currently pending in Bangladesh which Plaintiff has had to defend.

11.   While the Vessel was under arrest in Bangladesh, Defendant wrongfully and in breach of the Charter Party withheld hire and port costs in connection with the arrest, and also redelivered the Vessel there in breach of the Charter Party, for which Plaintiff sustained damages and losses.

12.   Defendant has failed to pay the balance of hire due and port costs in the amount of $154,270.71.

13.   Plaintiff protested Defendant's wrongful refusal to pay the full charter hire and port costs, demanded that it do so and continued to demand payment up until the present time, but none of it was paid.

14.   The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

15.   Plaintiff has commenced arbitration in London against Defendant, and Plaintiff's claims are now the subject of that arbitration.

16.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be

3

estimated, the following amounts can be expected to be

recovered in the action from Defendant:

A. Payment of hire and port costs:          $154,270.71

B. Payment of security for the
claim pending in Bangladesh
(effectively counter-security for
Plaintiff's bank guarantee):               $400,000.00

C. Payment of costs of the bank
guarantee (which will increase
over time):                                 $54,576.00

D. Interest, arbitration fees
and attorneys' fees:                        $182,654.02

           Total:                          $791,500.73


### DEFENDANT NOT FOUND WITHIN THE DISTRICT

17.  The Defendant cannot be found within this

District within the meaning of Rule B of the Supplemental Rules

for Certain Admiralty and Maritime Claims of the Federal Rules

of Civil Procedure, but, upon information and belief, Defendant

has, or will have during the pendency of this action, property

within this District and subject to the jurisdiction of this

Court, held in the hands of garnishees including, but not

limited to, ABN Amro Bank NV, American Express Bank, Bank of

America, Bank of Communications Co. Ltd. New York Branch, Bank

of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche

Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered

4

Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

18.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV,

5

American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $791,500.73 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          November 21, 2007

CARDILLO & CORBETT
Attorneys for Plaintiff
THYMUS SHIPPING CORP.

By: _____
    James P. Rau (JR 7209)

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

6

## ATTORNEY'S VERIFICATION

State of New York )
                 ) ss.:
County of New York)

    1.   My name is James P. Rau.

    2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.   I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.   I am authorized to make this Verification on

7

behalf of the Plaintiff.

_____
James P. Rau

Sworn to before me this
21st day of November, 2007

_____
NOTARY PUBLIC

**TULIO R. PRIETO**
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010

# EXHIBIT 2

STANTON, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THYMUS SHIPPING CORP.,                :
                                      :   **ECF**
                    Plaintiff,        :   **ORDER FOR PROCESS**
                                      :   **OF MARITIME ATTACHMENT**
          -against-                   :   07 Civ. 10522 (LLS)
                                      :
JANGHA MARINE CORP.,                  :
                                      :
                    Defendant.        :
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11.26.07

**WHEREAS,** on November 21, 2007, Plaintiff, THYMUS

SHIPPING CORP., filed a Verified Complaint herein for damages

amounting to $791,500.73 inclusive of interest and praying for

the issuance of Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules and Civil

Procedure; and

          **WHEREAS,** the Process of Maritime Attachment and

Garnishment would command that the United States Marshal or

other designated process server attach any and all of the

Defendant's property within the District of this Court; and

          **WHEREAS,** the Court has reviewed the Verified

Complaint and the Supporting Affidavit, and the conditions of

Supplemental Rule B appearing to exist, it is hereby

          **ORDERED,** that Process of Maritime Attachment and

Garnishment shall issue against all tangible or intangible

property belonging to, claimed by or being held for the

Defendant by any garnishees within this District, including but

not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, in an amount up to and including $791,500.73, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission to each garnishee provided the garnishee agrees to accept service in this manner; and it is further

2

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day provided the garnishee agrees to same; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
      November **21** , 2007

**SO ORDERED:**

_Louis L. Stanton_
**U.S.D.J.**

4:20 P.M.

3

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THYMUS SHIPPING CORP.,                     :        07 CV 10522 (LLS)
                                           :
                    Plaintiff,             :        **COUNTERCLAIM**
                                           :
         - against -                       :
                                           :
JANGHA MARINE CORP.,                       :  :
                                           :
                    Defendant.             :
------------------------------------------------------------X

     Defendant/Counterclaimant, JANGHA MARINE CORP. (hereafter referred to as

"JANGHA" or Defendant/Counterclaimant) by its attorneys, LENNON, MURPHY &

LENNON, LLC, hereby states the following, upon information and belief, as its Counterclaim

against the Plaintiff, THYMUS SHIPPING CORP. (hereafter referred to as "THYMUS" or

Plaintiff):

    1.    Pursuant to the terms of a charter party dated December 1, 2004, JANGHA

chartered the M/V Regal Star (hereafter referred to as "Vessel") from the Plaintiff.

    2.    JANGHA at all times carried out its obligations under the charter party including

the payment of all hire due and owing to THYMUS.

    3.    The Vessel was re-delivered to THYMUS on or about April 26, 2005.

    4.    On or about September 12, 2005 JANGHA issued a final Statement of Account to

THYMUS which shows a balance owed in its favor in the sum of $165,450.52.  Although

payment for this sum has been duly demanded, THYMUS has failed to remit payment to

JANGHA.

    5.    Disputes have arisen between the parties regarding matters arising under the

aforesaid charter party and arbitration has been commenced and is pending in London, England.

6.    On or about January 19, 2006 JANGHA submitted its Reply in the London arbitration denying THYMUS' claims and making a counterclaim against THYMUS for payment of the $165,450.52, plus interest and costs thereon, due to JANGHA. A copy of JANGHA's Rely Submission is attached hereto as Exhibit 1.

7.    THYMUS' failure to remit payment due and owing to JANGHA constitutes a breach of the aforesaid charter party.

8.    As a consequence of THYMUS's breach of the aforesaid charter party, JANGHA has sustained damages in the sum of $165,450.52, plus interest, fees and costs thereon, consisting of the unpaid sum due and owing under the final Statement of Account.

9.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, JANGHA expects to recover the following amounts at London arbitration:

| | | |
|---|---|---|
| A. | On the principal claim: | $165,450.52; |
| B. | 4 years interest[1] on the principal claim: | $ 57,310.14; |
| C. | Arbitration costs: | $ 25,000.00; and |
| D. | Attorneys' fees: | $ 75,000.00. |
| **Total:** | | **$322,760.66.** |

10.    The above stated counterclaim arises out of the same transaction or occurrence with respect to which the action was originally filed by THYMUS. THYMUS has, pursuant to Supplemental Admiralty Rule B, attached JANGHA's property in this district in the approximate sum of $268,597.19, via service of process of maritime attachment and garnishment at various

---

[1] Interest is calculated at 7.5% compounded quarterly from September 12, 2005 (the date of the final Statement of Account) until September 12, 2009 when it may reasonably be expected that the London arbitration panel may issue a decision in the pending arbitration.

garnishee banks in this district.  Such attachment stands as security for THYMUS' alleged claims against JANGHA.

11.    Defendant as counterclaimant is entitled pursuant to Supplemental Admiralty Rule E(7)(a) to security for its above stated counterclaim in the sum of $322,760.66.

WHEREFORE, the Defendant/Counterclaimant prays as follows:

A.    That the Court, in accordance with Supplemental Admiralty Rule E(7)(a), order the Plaintiff, Thymus Shipping Corp., to provide Defendant/Counterclaimant, Jangha Marine Corp., security for its counterclaim in the sum of $322,760.66, in a form agreeable to the parties, or in a form subject to further Court order;

B.    That the Court enter judgment against Plaintiff and in favor of Defendant/Counterclaimant in the amount of any forthcoming arbitration award obtained by the Defendant/Counterclaimant against the Plaintiff, plus interest, costs and attorneys' fees;

C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with the Defendant's counterclaim currently pending, including any appeals thereof; and

D.    That the Defendant/Counterclaimant have such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:     May 28, 2008
              New York, NY

                                 The Defendant,
                                 JANGHA MARINE CORP.

                                 By: _____
                                   Kevin J. Lennon
                                 LENNON MURPHY & LENNON, LLC
                                 The GrayBar Building
                                 420 Lexington Ave., Suite 300
                                 New York, NY 10170
                                 (212) 490-6050 (phone)
                                 (212) 490-6070 (fax)
                                 kjl@lenmur.com

TO:    Cardillo & Corbett
        Attorneys for Plaintiff
        THYMUS SHIPPING CORP.
        29 Broadway, Suite 1710
        New York, NY  10006
        Attn:  James P. Rau, Esq.

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )    ss.:    Town of Southport
County of Fairfield   )

1.      My name is Kevin J. Lennon.

2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.      I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Defendant/Counterclaimant, Jangha Marine Corp.

4.      I have read the foregoing Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.      The reason why this Verification is being made by the deponent and not by the Defendant/Counterclaimant is that the Defendant/Counterclaimant is a business organization without any officers or directors now within this district.

6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant/Counterclaimant and agents and/or representatives of the Defendant/Counterclaimant.

7.      I am authorized to make this Verification on behalf of the Defendant/Counterclaimant.

Dated:      Southport, Connecticut
            May 28, 2008

                                    _____
                                    Kevin J. Lennon

## **AFFIRMATION OF SERVICE**

I hereby certify that on May 28, 2008, a copy of the foregoing COUNTERCLAIM was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Kevin J. Lennon

# EXHIBIT 1



歐華律師行
香港中環花園道一號中銀大廈四十一樓

**Dibb Lupton Alsop**
41/F, Bank of China Tower
1 Garden Road
Central
Hong Kong
DX 009157 Central 1
T +852 2103 6882
F +852 2810 1345
W www.dlapiper.com

**By Airmail & By Fax (44 1279 77 1968)**
Alan Oakley Esq.
Hoy's Farm
Upwick Green, Albury
Ware, Hertfordshire, SG11 2LD
United Kingdom

~~Your reference~~

**Our reference**
                                NM.1890-1

**By Airmail & By Fax (44 1444 876941)**
William Robertson Esq.
The Atlas Room
37 Woodpecker Crescent, Burgess Hill,
West Sussex RH15 9XY
United Kingdom                          19 January 2006

Dear Sirs,

**Regal Star C/P dated 1 December 2004**
**Claimants : Thymus Shipping Corp**
**Respondents : Jangha Marine Corp**

1.   Paragraph 1 of the Claim Submissions is admitted.

2.   Paragraph 2 of the Claim Submissions is admitted.

3.   Save that it is admitted that the Respondents sub-chartered the vessel to Sea Quest Shipping Pte Ltd for a time charter trip of about 50-70 days, paragraph 4 of the Claim Submissions is denied.

4.   No admissions are made as to paragraph 4 of the Claim Submissions save that the enclosures are admitted.

5.   Save that it is admitted that the Respondents ordered the Master to wait and later to leave Haldia without loading cargo, no admissions are made as to paragraph 5 of the Claim Submissions.

6.   No admissions are made as to paragraph 6 of the Claim Submissions. The Respondents withdrew the vessel from the sub-charter due to the failure of Sub-Charterers to pay hire and subsequently fixed the vessel for a voyage to Bangladesh.

合伙人
夏偉豪　陳翟　陳承光　陳基華
趙培信　狄翔可　高敬信　高思本　曾祖德
呂馮美寶　高松浩　馮婦勇
吳曄廣　賁廷生　辜碧敢　潘可　葉忠言

顧問律師
譚立祥　趙康喬　鄭思如　鄧凱明　李在哲

[1]國際公證人
[2]中國可法部委托公證人

Regulated by the Law Society of Hong Kong.

**Partners:**
Jason D Carmichael, Kevin Chan, Roy S Y Chan, Christopher J D Clarke, Justin C Davidson, Claudio de Bedin, King Tak Fung, Satpal Gobindpuri, Andrew C T Lui, Mabel M Lui[2], Nicholas Mallard, Prudence J Mitchell, Ivan C K Ng, Suzanne M Pearson, Ronald K N Sum, Horace Wan, John Yeap

**Consultants:**
Daniel Chan, Gigi K C Cheah, Stewart Crowther, K Minh Dang, Steven Dewhurst, JC Lee, Kevin J Murphy

[1]Notary Public.
[2]China-appointed Attesting Officer

**Dibb Lupton Alsop** is part of DLA Piper Rudnick Gray Cary, a global organisation.

**Hong Kong switchboard**
+852 2103 0808

Serving clients worldwide across Asia, Europe and the United States of America.

HJP\th\1890-1\alan-2B.doc

Alan Oakley Esq.
William Robertson Esq.
Regal Star
C/P dated 1 December 2004
Continuation    2
19 January 2006

7.  Save that is admitted that the vessel was arrested at Mongla, paragraph 7 of the Claim Submissions is denied. The vessel was arrested pursuant to a spurious claim brought against the Claimants upon allegations made by Sea Quest Shipping Pte Ltd as to the existence of a contract between themselves and the Claimants and that the contract had been breached by the Claimants in consequence of which losses were allegedly suffered, which allegations were fabricated and as to which the Respondents have no concern or responsibility. The Respondents rely upon the documents filed at court in Bangladesh and disclosed by the Claimants under cover of Winter Scott's letter of 6 December 2005.

8.  Paragraph 8 of the Claim Submissions is admitted.

9.  Paragraph 9 of the Claim Submissions is denied. There was no "encumbrance" as contemplated within the meaning of clause 18 of the charter as the arrest was not incurred by the Respondents or their agents. The arrest was granted by the court in respect of a spurious claim brought by a third party against the Claimants and was effected by a rogue court in consequence of that spurious claim. The arrest was not effected by reason of or in consequence of the employment of the vessel by the Respondents.   The Respondents rely upon the documents filed at Court in Bangladesh. The Respondents cannot be held responsible for rogue actions of third parties and third world courts in circumstances involving no fault on the part of the Respondents or their agents. The Respondents were not obliged to provide security. Whilst the circumstances of the rogue arrest were unfortunate, the responsibility for the arrest consequent upon pursuit of such a spurious claim cannot be laid upon the Respondents. The cause of the arrest was not the employment of the vessel but the pursuit of a fabricated claim, namely the allegation of privity of contract between Sea Quest Shipping Pte Ltd and the Claimants.

10. As to paragraph 10 of the Claim Submissions, it is admitted and averred that the Respondents declined to provide security. There was no obligation upon the Respondents to provide security. The Claimants failed to promptly provide security and, by reason thereof, failed to act reasonably to mitigate their alleged losses.

Alan Oakley Esq.
William Robertson Esq.
Regal Star
C/P dated 1 December 2004
Continuation    3
19 January 2006

## Particulars

(1)   The Claimants were themselves under a duty to provide security promptly upon the arrest of the vessel in order to enable the vessel to promptly resume trading.

(2)   The Claimants could have provided security within 12 hours of the arrest in order to enable the vessel to resume trading and could have thereafter disputed the spurious claim in the court of Bangladesh in order to defeat the claim and obtain release of the security.

(3)   Further, in so far as the Respondents could have been under a duty to provide security for the claim, which is denied, the Respondents declined to do so, whereupon the duty fell upon the Claimants to mitigate their alleged losses.

(4)   In all material respects, the Claimants failed to act reasonably to mitigate their alleged losses by the prompt provision of security.

11.   As to paragraph 11 of the Claim Submissions, no admissions are made as to the facts and matters alleged in the first and second sentences and it is denied that the Respondents failed to give notice as alleged or at all and the final sentence of the paragraph is denied.

12.   Paragraph 12 of the Claim Submissions is denied.    The Respondents submit that the market rate for the vessel at the relevant time was US$12,500 or more and thus that there can be no loss as alleged or at all and/or that the Claimants failed to act reasonably to mitigate alleged losses.

13.   Paragraph 13 of the Claim Submissions and the Claimants' Final Hire Statement are denied.  We enclose herewith the Respondents' Final Statement of Account pursuant to which a balance of US$165,450.52 is due and owing to the Respondents.

14.   Paragraph 14 of the Claim Submissions is admitted and averred. The vessel was unable to perform any service required of her during the period of arrest and was off-hire.

Alan Oakley Esq.
William Robertson Esq.
Regal Star
C/P dated 1 December 2004
Continuation     4
19 January 2006

15. Save for the quotation from Clause 65 of the Charterparty, paragraph 15 of the Claim Submissions is denied. Clause 65 of the Charterparty has no application to the facts of the arrest which was occasioned by reason of the prosecution of a spurious claim as referred to in paragraph 9 above and not by reason of personal act or omission of the Respondents or their agents.

16. Paragraph 16 of the Claim Submissions is denied. The arrest was occasioned by the pursuit of a spurious claim brought by Sea Quest Shipping Pte Ltd against the Claimants, alleging the existence of a contract between these persons.

17. Paragraph 17 of the Claim Submissions is denied.

18. Paragraph 18 of the Claim Submissions is denied. There was no breach of clause 18 of the Charterparty.

19. No admissions are made as to paragraph 19 of the Claim Submissions and the Claimants are put to strict proof of all allegations therein.

20. Paragraph 20 of the Claim Submissions is denied.

21. Paragraph 21 of the Claim Submissions is denied. The Bangladeshi proceedings arose in consequence of rogue action brought spuriously against the vessel by a third party and not in consequence of the employment of the vessel by the Respondents. The consequences of this rogue action were unfortunate but are not the responsibility or liability of the Respondents.

22. Paragraph 22 of the Claims Submissions is denied.

23. The Respondents counter-claim the balance of account in accordance with their Final Hire Statement.

24. Specifically, the Respondents counter-claim : -

    (1)    US$165,450.52 and/or damages;

Alan Oakley Esq.
William Robertson Esq.
Regal Star
C/P dated 1 December 2004
Continuation    5
19 January 2006

    (2)    interest; and
    (3)    costs.

Yours faithfully,

Dibb Lupton Alsop
Solicitors for the Respondents
Encl.

c.c.    Winter Scott (By Fax No.44 20 7626 5591)
       Attn: Mr. Glenn Winter/Mr. James King
       Your Ref: JCK/175-5

# JANG HA MARINE CORPORATION

7TH FL, HANARO BLDG. NO.194-4, INSA-DONG, CHONGRO-KU, SEOUL, KOREA
TEL : 82-2-2076-8500  FAX : 82-2-730-9416/7  e-mail : jangha@jangha.co.kr  TELEX : K 35209 JANGHA

## STATEMENT OF ACCOUNT

REF NO : MV REGAL STAR
TO: THYMUS SHIPPING CORPORATION          DATE    : 12TH SEP., 2005

| ITEM | DESCRIPTION | | |
|------|-------------|--|--|
| RE | FINAL HIRE STATEMENT OF MV REGAL STAR | ILOHC | 3250 |
| DELIVERY TIME | DLOSP MUMBAI 1800GMT 27TH DEC., 2004 | INTETMEDIATE | 2000 |
| BOD | IFO : 126.5MT    MDO : 52.6MT | C.V.E/MONTH | 1000 |
| REDELIVERY | DLOSP MONGLA 1230GMT 26TH APR., 2005 | | |
| BOR | IFO : 196.3MT    MDO : 53.5MT | | |

TOTAL DURATION          119.770833    DAYS
NET DURATION             96.958333    DAYS
TOTAL OFF-HIRE           22.812500    DAYS

| ITEM | DESCRIPTION | | | | Cr | Dr |
|------|-------------|--|--|--|-----|-----|
| HIRE | USD | 12500 | X | 119.770833 | $1,497,135.42 | |
| | FM | 2004-12-27 18:00 | GMT | | | |
| | TO | 2005-04-26 12:30 | GMT | | | |
| LESS ADD COMM | 2.50% | | | | | $37,428.39 |
| BROKERAGE | 1.25% | | | | | $18,714.19 |
| OFF HIRE | DUE TO OWNERS' MATTER AT HALDIA | | | | | |
| | USD | 12500 | X | 1.437500 | | $17,968.75 |
| | FM | 2005-03-15 16:00 | | | | |
| | TO | 2005-03-17 02:30 | | | | |
| OFF HIRE | DUE TO ARREST AT MONGLA | | | | | |
| | USD | 12500 | X | 21.375000 | | $267,187.50 |
| | FM | 2005-04-05 3:30 | | | | |
| | TO | 2005-04-26 12:30 | | | | |
| REFUND ADD COM | 2.50% | | | | $7,128.91 | |
| REFUND BROKER | 1.25% | | | | $3,564.45 | |
| C.V.E | | 1000 | | | $3,992.36 | |
| REFUND C.V.E | | 1000 | | | | $760.42 |
| B.O.D | IFO | 126.500 | USD | 210 | $26,565.00 | |
| | MDO | 52.600 | USD | 440 | $23,144.00 | |
| B.O.R | IFO | 196.300 | USD | 210 | | $41,223.00 |
| | MDO | 53.520 | USD | 440 | | $23,548.80 |
| OFF-BUNKER | IFO | 15.80 | MT | 210 | | $3,318.00 |
| | MDO | 3.60 | MT | 440 | | $1,584.00 |

| | | | |
|---|---|---|---|
| INTERMEDIATE | HOLD CLEANING AT JEDDAH | $2,000.00 | |
| . | HOLD CLEANING AT HALDIA | $2,000.00 | |
| XLOHC | AT MONGLA | $3,250.00 | |
| ON-HIRE SURVEY FEE | | | $100.00 |
| OWNER EXPENSE | WATCHMAN USD252+FW USD88+CREW CHANGE USD 1045 | | $1,385.00 |
| HIRE PAYMENT | 1ST    30TH DEC 04 | | $230,677.25 |
| | 2ND    11ST JAN 05 | | $181,491.61 |
| | 3RD    26TH JAN 05 | | $182,968.75 |
| | 4TH    14TH FEB 05 | | $180,968.75 |
| | 5TH    25TH FEB 05 | | $180,968.75 |
| | 6TH    14TH MAR 05 | | $180,968.75 |
| | 7TH    28TH MAR 05 | | $182,968.75 |
| TOTAL | | $1,568,780.14 | $1,734,230.65 |
| BALANCE DUE TO CHARTERER | | $0.00 | ($165,450.52) |
| GRAND TOTAL | | $1,568,780.14 | $1,568,780.14 |