LENNON, MURPHY & LENNON, LLC
Attorneys for Defendant
JANGHA MARINE CORP.
The Graybar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THYMUS SHIPPING CORP.,                  :    07 CV 10522 (LLS)
                                        :
                Plaintiff,              :    ECF CASE
                                        :
        - against -                     :
                                        :
JANGHA MARINE CORP.,                    :
                                        :
                Defendant.              :
------------------------------------------------------X

### AFFIDAVIT IN OPPOSITION TO
### ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

State of Connecticut )
                     )   ss:  Town of Southport
County of Fairfield  )

Kevin J. Lennon, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Court and represent the Defendant herein. I am familiar with the facts of this case and make this Affidavit in opposition to the *sua sponte* Order to Show Cause issued by the Court compelling the undersigned to show cause (a) why sanctions should not be imposed for failing to obtain a waiver of the Court's individual rules prior to filing a motion on behalf of the Defendant seeking to obtain counter-security under Supplemental Rule E(7) and Local Admiralty Rule E.1 why, if sanctions are nevertheless

imposed, why the same should not reflect the expense imposed upon plaintiff in responding to the Defendant's motion.

2.   It is not provided in the Court's Order to Show Cause under what Federal Rule of Civil Procedure, federal statute or inherent authority the Court is considering imposing sanctions against the undersigned. It is assumed that the Court is relying upon its own inherent authority to sanction counsel and parties that appear before it on any matter.

3.   However, on a *sua sponte* sanctions proceeding a court, in order to impose sanctions, must make a "finding of bad faith on the part of the attorney." *See In re Pennie & Edmonds, LLP*, 323 F.3d 86, 91-92 (2d Cir. 2003). The Second Circuit has explained this to be required because, unlike a situation where a sanctions motion is initiated by an adversary, there is no safe harbor whereby counsel may reconsider the challenged submission. Thus, in this proceeding initiated by the Court, determination of the undersigned's culpability, if any, is "… subject to the heightened standard of 'subjective bad faith' established by the Second Circuit in *Pennie*." *See HD Brous & Co., Inc. v. Mrzyglocki*, No. 03 Civ. 8385 (CSH) 2004 WL 1367451, at *1-2 (S.D.N.Y. 2004).

4.   The undersigned did not in bad faith simply ignore the Court's Individual Rules requirement for a pre-motion conference. Rather, as is evidenced by the undersigned's June 27, 2008 letter to the Court, I specifically requested a waiver of the pre-motion conference requirement and cited in support *See Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir, 2007). *See a copy of June 27, 2008 letter attached hereto as Exhibit 1. A copy of the decision in Eisemann is attached hereto as Exhibit 2.*

5.   In *Eisemann* the Second Circuit reversed the district court's imposition of sanctions on counsel which had been imposed due to the failure of counsel to obtain permission

to file a motion for reconsideration during a pre-motion conference. The Second Circuit stated "[A]lthough we have recognized that 'it is within the judge's discretion to hold a pre-motion conference for the purpose of persuading a party not to file a perceived meritless motion,' *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995), we have made it clear that 'the judge may not require that the court's permission be secured at such a conference before a party may file the motion.' *Milltex*, 55 F.3d at 39; *see also MacDraw*, 73 F.3d at 1256 n.2 (same); *Richardson*, 825 F.2d 647 at 652 ("Absent extraordinary circumstances, . . . a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." *See Eisemann*, 204 F.3d at 397.

6. In proceeding to file the aforesaid motion before arranging for a pre-motion conference, or obtaining a waiver of such conference, the undersigned was not acting in bad faith, seeking to subject the plaintiff to harassment or delay, and was not otherwise acting for an improper purpose. Rather, the undersigned was solely seeking to obtain countersecurity for the Defendant as is specifically allowed to be sought under Supplemental Rule E(7).

7. In assessing the conduct of the undersigned in this matter the Court is requested to consider the manner in which an Order to Show Cause seeking to partially vacate the Plaintiff's maritime attachment was carried out. On April 2, 2008 the undersigned presented an Order to Show Cause to the Court's chambers which sought under Supplemental Rule E(4)(f) and Local Admiralty Rule E.1 a hearing requiring Plaintiff to show cause why its maritime attachment should not be partially vacated.

8. The Court issued the requested Order but provided less then two (2) days for Plaintiff to serve opposition papers. *See copy of Order to Show Cause dated April 2, 2008 attached hereto as Exhibit 3.* When the Order to Show Cause was signed the undersigned

advised the Court that it was the general practice in the district that a contested maritime attachment hearing would take place no sooner than three (3) days from the issuance of the Order to Show Cause. I therefore thought it quite likely that Plaintiff would require additional time to oppose the motion and advised the Court accordingly.

9. After the Court signed the Order to Show Cause the undersigned personally delivered a copy of the same, along with Defendant's supporting Memorandum of Law and the undersigned's Declaration in support, to Plaintiff's counsel James A. Rau. I agreed at that time to seek my client's consent to an extension of time for Plaintiff to oppose the Order to Show Cause. I sought and obtained such consent and Plaintiff's was provided additional time to oppose the motion from April 4 to April 9. Plaintiff obtained an additional extension of two (2) days to oppose the motion. Such further extension was granted by the Court where Defendant did not consent, but did not oppose, the application.

10. It is respectfully submitted that the undersigned's conduct in this respect demonstrates an effort to afford a fair opportunity for Plaintiff to seek to oppose the Defendant's motion seeking which the Court denied at a hearing conducted on April 17, 2008. It is requested that the Court take due note of these facts in considering whether to impose sanctions on the undersigned.

11. To be clear, when the undersigned filed the motion for countersecurity this was done contemporaneously with a request that the Court waive the pre-motion conference requirement. I was instructed by my client to file the motion as soon as possible and therefore I sought to carry out my client's instructions while at the same time seeking the Court's waiver of the pre-motion conference.

12.    It is respectfully submitted that upon receipt of the undersigned's June 27, 2008 letter the Court could have informed the undersigned that the requested waiver was not granted and that a pre-motion conference was required. If this had transpired then the parties would have come before the Court to discuss Defendant's contemplated motion. In such a circumstance, the Defendant's motion would have been held in abeyance pending the results of the pre-motion conference.

13.    Following the filing of Defendant's motion the parties engaged in settlement discussions. I was informed on July 10 that a settlement had been reached and the parties are currently drafting a Settlement Agreement and a Stipulation and Order for Release of Funds and Discontinuance of Action. I hope to submit the executed Stipulation to the Court today or tomorrow.

14.    I have discussed the Court's Order to Show Cause with Plaintiff's counsel James P. Rau and understand that Plaintiff will not be seeking to recover from the Defendant, or the undersigned, any costs or fees in connection with opposing the Defendant's motion.

15.    It is therefore respectfully submitted that if the undersigned is to be sanction that such sanction should not reflect the expense imposed on Plaintiff in responding to Defendant's motion. It appears that by virtue of the fact that Plaintiff may have been ordered to post countersecurity in favor of the Defendant, which was the subject of Defendant's motion, this case has now been amicably resolved.

16.    In filing the Defendant's motion on June 27, 2008 the undersigned was motivated entirely by advancing the Defendant's rights and progressing the case towards a settlement. In no way was the undersigned seeking to deliberately avoid, ignore or act in bad faith with respect to the Court and it's Individual Rules.

17. I take my obligations to act in accord with the Court's rules very seriously and regret if the Court has viewed the filing of the motion on June 27, 2008 as evidence of an intention to act with disregard to the Court's Individual Rules. This was certainly not my intention.

18. Finally, it is noted that the Court's July 9, 2008 Order to Show Cause provides that the Court will determine if oral argument is to be heard and if so the Court will advise counsel of the argument date. It is respectfully requested that if the Court is inclined to impose any sanction on the undersigned that I be afforded an opportunity to come before the Court in order to argue my position against the Order to Show Cause and to respond to any of the Court's concerns.

Dated:   July 16, 2008
         Southport, CT

Respectfully submitted,

_____
Kevin J. Lennon

Sworn and subscribed to before me
this 16th day of July 2008

_____
NOTARY PUBLIC

# KEVIN J. LENNON DECLARATION
# EXHIBIT 1



| | The GrayBar Building | Tide Mill Landing |
|---|---|---|
| Lennon, Murphy & Lennon, LLC | 420 Lexington Ave., Suite 300 | 2425 Post Rd. Suite 302 |
| | New York, NY 10170 | Southport, CT 06890 |
| ATTORNEYS AT LAW | phone (212) 490-6050 | phone (203) 256-8600 |
| | fax (212) 490-6070 | fax (203) 256-8615 |
| | www.lenmur.com | mail@lenmur.com |

June 27, 2008

Hon. Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2250
New York, NY 10007

Re:   **Thymus Shipping Corp. v. Jangha Marine Corp.**
Case No.:   07 Civ. 10522 (LLS)
Our ref.:   07-1312

Dear Judge Stanton:

Our firm represents Defendant/Counterclaimant Jangha Marine Corp., in the above-referenced action.

We herewith provide your Honor with a courtesy copy of Jangha's Notice of Motion for Countersecurity as per Supplemental Rule E(7), Memorandum of Law in Support and Declaration of Kevin J. Lennon in Support. We have filed the motion papers via ECF on June 27, 2008.

We respectfully request that your Honor waive the pre-motion conference requirement set out in your Honor's individual rules. *See Eisemann v. Greene*, 204 F.3d 393, 397 citing *Richardson Greenshields Sec., Inc. v. Lau*, 825 F. 2d 647, 652 (2d Cir. 1987).

We look forward to appearing before the Court for oral argument on the motion. Please note that in order to file the motion we selected July 18, 2008 at 2:00 p.m. but we are mindful of the Court's docket and will appreciate being advised if this date and time falls within your Honor's schedule or if the oral argument is to be re-scheduled.

Respectfully submitted,

Kevin J. Lennon

KJL/bhs
Enclosure

cc:   Cardillo & Corbett
29 Broaday, Suite 1710
New York, NY 10006
James P. Rau, Esq.
(w/o enclosure – served via ECF)

Patrick F. Lennon | Charles E. Murphy | Kevin J. Lennon | Nancy R. Siegel | Anne C. LeVasseur | Coleen A. McEvoy

# KEVIN J. LENNON DECLARATION EXHIBIT 2

LexisNexis® Total Research System                                    Switch Client | Preferences | Sign Out | ? Help
My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector     Dossier | History

Source: Legal > Cases - U.S. > U.S. Courts of Appeals - By Circuit > 2nd Circuit - US Court of Appeals Cases
Terms: "pre-motion conference" (Edit Search | Suggest Terms for My Search)

↙Select for FOCUS™ or Delivery

*204 F.3d 393, \*; 2000 U.S. App. LEXIS 2281, \*\*;*
*45 Fed. R. Serv. 3d (Callaghan) 1173*

JULIA KAREN EISEMANN, Plaintiff-Appellant, v. MIRIAM GREENE, M.D., Defendant-Appellee.

Docket No. 98-9302

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

204 F.3d 393; 2000 U.S. App. LEXIS 2281; 45 Fed. R. Serv. 3d (Callaghan) 1173

July 14, 1999, Argued
February 17, 2000, Decided

**PRIOR HISTORY:** [\*\*1] Appeal from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge), inter alia, imposing sanctions on plaintiff's counsel for filing a motion for reconsideration after being advised by the judge's law clerk during a telephone conference that the grounds for the motion were inappropriate for reconsideration.

**DISPOSITION:** Order reversed insofar as it imposed sanctions on plaintiff's counsel.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff appealed the order of the United States District Court for the Southern District of New York which granted summary judgment to defendant, imposed and allocated sanctions, and denied discovery, alleging, inter alia, that the trial court improperly imposed sanctions against plaintiff's counsel for filing a motion for reconsideration.

**OVERVIEW:** Plaintiff filed a motion for reconsideration of the grant of summary judgment in favor of defendant, after being advised by the trial court's law clerk that the grounds for the motion did not appear likely to comply with the standards of the local rules, and the trial court imposed sanctions upon plaintiff's counsel for filing a meritless motion. The appellate court held that, although the imposition of sanctions was within the province of the trial court, there were no sufficiently specific factual findings that the motion was entirely without color and taken for improper purposes. The lack of merit of the motion was proper grounds for denial of the motion but did not, by itself, infer bad faith warranting sanctions. Also, the permission of the trial court was not required prior to filing the motion and counsel's disregard of the law clerk's advisement similarly did not justify sanctions.

**OUTCOME:** Other issues were separately considered, but order imposing sanctions on plaintiff's counsel was reversed; while plaintiff's meritless motion for reconsideration warranted denial, there were insufficient findings of bad faith to justify sanctions, regardless of the prior advisement that the proposed grounds of the motion were most likely without merit.

**CORE TERMS:** reconsideration, bad faith, imposition of sanctions, law clerk, summary judgment, pain, imposing sanctions, attorneys' fees, improper purposes, vexatiously, harassment, chambers, color, rectal, defense counsel, prior authorization, inherent powers, degree of specificity, proper basis, abuse of discretion, unreasonably, permission, overlooked, frivolous, quotation, multiplies, jointly, pre-motion, imposed sanctions, experienced

**LEXISNEXIS® HEADNOTES**                                                                    ⊟ Hide

Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend
**HN1**⤓U.S. Dist. Ct., S. & E.D. N.Y., R. 6.3 provides in part that there shall be served with the notice of motion for reconsideration a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. To be entitled to reargument, a party must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion. More Like This Headnote | Shepardize: Restrict By Headnote

Civil Procedure > Sanctions > Baseless Filings > General Overview
**HN2**⤓See 28 U.S.C.S. §1927.

Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards
Civil Procedure > Sanctions > Baseless Filings > General Overview
**HN3**⤓Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. More Like This Headnote | Shepardize: Restrict By Headnote

Civil Procedure > Sanctions > Baseless Filings > General Overview
**HN4**⤓Under 28 U.S.C.S. § 1927, a district court may award attorney's fees against an attorney or other party authorized to practice before the courts who multiplies the proceedings in any case unreasonably and vexatiously. More Like This Headnote | Shepardize: Restrict By Headnote

Civil Procedure > Sanctions > Baseless Filings > General Overview
*HN5* To impose sanctions a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith, that is, motivated by improper purposes such as harassment or delay. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Sanctions > Baseless Filings > General Overview
Labor & Employment Law > Discrimination > Harassment > Racial Harassment > Remedies > General Overview
*HN6* To ensure that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, the courts decline to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
*HN7* A district court's imposition of sanctions is reviewed for abuse of discretion. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Sanctions > General Overview
*HN8* A troublesome aspect of a trial court's power to impose sanctions, either as a result of a finding of contempt, pursuant to the court's inherent power, or under a variety of rules is that the trial court may act as accuser, fact finder and sentencing judge, not subject to restrictions of any procedural code and at times not limited by any rule of law governing the severity of sanctions that may be imposed. More Like This Headnote

Civil Procedure > Sanctions > General Overview
*HN9* Although the appellate court is mindful that the decision to impose sanctions is uniquely within the province of a district court, the appellate court nevertheless needs to ensure that any such decision is made with restraint and discretion. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Sanctions > Baseless Filings > General Overview
Legal Ethics > Sanctions > General Overview
*HN10* It is sometimes possible to infer bad faith from the meritlessness of a motion. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Sanctions > Baseless Filings > General Overview
*HN11* Imposing sanctions, in part, for failing to heed the court's advice as to whether a motion is appropriate amounts to establishing an unacceptable requirement that parties obtain the court's prior authorization before filing a motion. More Like This Headnote

Civil Procedure > Judicial Officers > General Overview
Civil Procedure > Sanctions > Baseless Filings > General Overview
*HN12* Although the appellate court recognizes that it is within the judge's discretion to hold a **pre-motion conference** for the purpose of persuading a party not to file a perceived meritless motion, the appellate court makes it clear that the judge may not require that the court's permission be secured at such a conference before a party may file the motion. More Like This Headnote | *Shepardize:* Restrict By Headnote

**COUNSEL:** ALEXANDER E. EISEMANN, New York, N.Y., for Appellant.

DANIEL S. RATNER, Heidell, Pittoni, Murphy & Bach, LLP, New York, N.Y., for Appellee.

**JUDGES:** Before: WALKER, CABRANES and SACK, Circuit Judges.

**OPINION**

[*394] PER CURIAM:

Plaintiff Julia Karen Eisemann appeals from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*), entered August 27, 1998, imposing sanctions on plaintiff's counsel for filing a motion for reconsideration of the order granting defendant's motion for summary judgment. Eisemann also appeals from (1) the District Court's judgment entered May 13, 1998, granting summary judgment to defendant and denying Eisemann's various requests for further discovery, and (2) so much of the Court's [**2] August 27, 1998 order as reallocated to the Clerk of the Court a portion of a $ 5000 sanction imposed earlier *on defense counsel*, who originally had been ordered to pay the entire amount to plaintiff. We address here only the challenge to the District Court's imposition of sanctions on Eisemann's counsel for filing a motion for reconsideration. [1] For the reasons stated below, we reverse the order insofar as it imposed sanctions on Eisemann's counsel.

**FOOTNOTES**

1 All other claims are addressed in a summary order filed simultaneously herewith. See *Eisemann v. Greene,* 2000 U.S. App. LEXIS 2289, No. 98-9302, 2000 WL     (2d Cir. Feb. 16, 2000).

I.

On February 24, 1995, Eisemann visited Dr. Miriam Greene for a gynecological examination, during the course of which Dr. Greene

conducted a rectal examination. Eisemann alleges that Dr. Greene did not give her advance warning of the rectal examination and that Dr. Greene performed it by "forcefully" and "abruptly" inserting her finger in Eisemann's rectum. Eisemann maintains that she [**3] reacted by forcefully "clenching" her anal sphincter muscle and that she immediately experienced pain in the area of the coccyx (commonly referred to as the "tail bone"). She claims that she had never experienced pain in that area prior to this experience, but that she continued to suffer pain for years after the incident.

[*395] On May 23, 1995, having decided to leave the care of Dr. Greene, Eisemann visited Dr. Gary Markoff, an obstetrician-gynecologist. Dr. Markoff also performed a rectal examination, but made no diagnosis as to the cause of Eisemann's pain. In January 1996, she sought treatment from a third gynecologist, Dr. Gerard Varlotta, who diagnosed her condition as "a strain to the sacrococcygeal joint and the ligaments." Nineteen months later, on August 15, 1997, Eisemann filed the instant action against Dr. Greene. On May 6, 1998, the District Court concluded that the evidence was insufficient to show that Dr. Greene's examination caused Eisemann's injury and granted defendant's motion for summary judgment.

After the entry of summary judgment, the parties, both of whom had indicated a desire to file a motion for reconsideration, contacted the judge's chambers, and jointly [**4] discussed with his law clerk the likely bases for their planned motions for reconsideration. The conference call with the law clerk was presumably undertaken pursuant to Rule 2(b) of the judge's individual rules, which states in pertinent part:

> As to any contemplated motion or application of any kind whatever, excepting only a motion for admission pro hac vice (which may be filed without prior authorization), counsel for all affected parties must jointly call to apprise Chambers of the nature of the proposed motion or application and to arrange for an in-court or telephonic conference with the Court. . . .

Judges' Part Rules, N.Y.L.J., Aug.1999 at 79-80. After discussing the basis for each motion, the law clerk, purporting to speak on behalf of the judge, granted permission to file the motions but advised both counsel that all grounds for reconsideration, with the exception of one argument advanced by defense counsel, did not appear "reasonably likely" to comply with the governing standards for filing motions for reconsideration under Rule 6.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York. [2] The judge's law [**5] clerk also warned that the filing of any frivolous motion would result in sanctions. Eisemann's attorney nevertheless filed his motion for reconsideration. Defendant responded to the Eisemann motion by filing a "motion for sanctions for having to respond to plaintiff's frivolous motion for reconsideration." The District Court granted defendant's motion and imposed a sanction of $ 1000 on Eisemann's counsel, pursuant to both 28 U.S.C. § 1927 [3] and the Court's "inherent supervisory power." Eisemann's counsel appeals claiming that the imposition of sanctions was improper.

FOOTNOTES

2 HN1 Local Rule 6.3 provides in relevant part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." To be entitled to reargument, a party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

3 HN2 Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[**6] II.

HN3 Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129, 40 L. Ed. 2d 703, 94 S. Ct. 2157 (1974); see also Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986). Similarly, HN4 under § 1927, a district court may award attorney's fees against an attorney or other [*396] party authorized to practice before the courts who "multiplies the proceedings in any case unreasonably and vexatiously." HN5 To impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith--that is, "motivated by improper purposes such as harassment or delay." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999); see also Agee v. Paramount Comm., 114 F.3d 395, 398 (2d Cir. 1997). We have interpreted the bad faith standard restrictively: [**7]

> HN6 To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes *and a high degree of specificity in the factual findings of the lower courts.*

Dow Chem. Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986) (emphasis added) (internal citations, quotation marks, and brackets omitted); see also Schlaifer Nance, 194 F.3d at 338 ("The Court's factual findings of bad faith must be characterized by a high degree of specificity." (internal quotation marks omitted)); MacDraw, Inc. v. CIT Group Equip. Fin., 73 F.3d 1253, 1262 (2d Cir. 1996) (vacating imposition of sanctions because the District Court "engaged in no detailed consideration of what conduct by plaintiff's counsel satisfied the bad faith requirement").

In imposing sanctions in the instant case, the District Court found bad faith on the part of [**8] Eisemann's counsel. The Court stated that Eisemann's motion for reconsideration was the

> latest manifestation of [her] counsel's belief, displayed repeatedly throughout this case, that upon any motion by his

adversary, he has 'no choice' but to respond by interposing a similar motion of his own. The inevitable effect of this tactic can only be to increase the burdens on the Court and all counsel for no proper purpose, as the record of this case amply demonstrates.

The only other reason cited by the Court for the imposition of sanctions is the fact that counsel "persisted" with his motion for reconsideration after he had been forewarned by the Judge's law clerk during the telephone conference that counsel's contentions were on their face inappropriate for reconsideration. The Court stated that "this disregard of the applicable standards for reconsideration, coupled with the patent invalidity of the legal arguments presented in plaintiff's motions, make clear that the motion was brought in bad faith."

HN7 A District Court's imposition of sanctions is reviewed for abuse of discretion. See Schlaifer Nance, 194 F.3d at 333. However, this standard of review [**9] "is not as simple as it may appear at first blush." Id. Indeed, recently we have observed that

[HN8 a] troublesome aspect of a trial court's power to impose sanctions, either as a result of a finding of contempt, pursuant to the court's inherent power, or under a variety of rules . . . is that the trial court may act as accuser, fact finder and sentencing judge, not subject to restrictions of any procedural code and at times not limited by any rule of law governing the severity of sanctions that may be imposed.

Mackler Prods. v. Cohen, 146 F.3d 126, 128 (2d Cir. 1998). HN9 Thus, although we are mindful that "the decision to impose sanctions is uniquely within the province of a district court, we nevertheless need to ensure that any such decision is made with restraint and discretion." Schlaifer Nance, 194 F.3d at 334.

The District Court did not make sufficiently specific factual findings to support [*397] its conclusion that Eisemann's motion for reconsideration, or any other motion filed in the course of this litigation, was "entirely without color and . . . taken for reasons of harassment or delay or for other improper purposes." Dow Chem. Pacific Ltd., 782 F.2d at 344. [**10] Instead, the Court's conclusory determination that Eisemann's motion was filed in bad faith rested almost entirely on its lack of merit. HN10 It is sometimes possible to infer bad faith from the meritlessness of a motion. See Schlaifer Nance, 194 F.3d at 338. But absent greater specificity from the District Court, the failure to meet the standards of Local Rule 6.3--a proper basis for denial of her motion for reconsideration--is not, without more, a proper basis for the imposition of sanctions on Eisemann's counsel.

Moreover, HN11 imposing sanctions, in part, for failing to heed the Court's "advice" as to whether a motion is appropriate amounts to establishing an unacceptable requirement that parties obtain the Court's prior authorization before filing a motion. HN12 Although we have recognized that "it is within the judge's discretion to hold a **pre-motion conference** for the purpose of persuading a party not to file a perceived meritless motion," 4 Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 39 (2d Cir. 1995), we have made it clear that "the judge may not require that the court's permission be secured at such a conference before a party may file the [**11] motion." Milltex, 55 F.3d at 39; see also MacDraw, 73 F.3d at 1256 n.2 (same); Richardson, 825 F.2d 647 at 652 ("Absent extraordinary circumstances, . . . a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure.").

## FOOTNOTES

4 Indeed, we have noted that holding **pre-motion conferences** with a judge "may serve the useful purpose of narrowing and resolving conflicts between the parties and preventing the filing of unnecessary papers." Richardson Greenshields Sec., Inc., v. Lau, 825 F.2d 647, 652 (2d Cir. 1987), but we have not encouraged--and do not now consider--the practice of having litigants confer on the merits of cases with law clerks or other chambers personnel.

## III.

In the circumstances presented, we are required to conclude that the District Court's determination of bad faith, and its imposition of sanctions on Eisemann's counsel, was an abuse of discretion. Accordingly, [**12] the District Court's order of August 27, 1998 is reversed insofar as it imposed sanctions on Eisemann's counsel.

Source: Legal > Cases - U.S. > U.S. Courts of Appeals - By Circuit > 2nd Circuit - US Court of Appeals Cases
Terms: "pre-motion conference" (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, June 27, 2008 - 12:40 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any Shepard's signal to Shepardize® that case.

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

 LexisNexis® About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# KEVIN J. LENNON DECLARATION EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THYMUS SHIPPING CORP.,                    :        07 CV 10522 (LLS)
                                          :
                        Plaintiff,        :
                                          :
        - against -                       :
                                          :
JANGHA MARINE CORP.,                      :
                                          :
                        Defendant.        :
---------------------------------------------------------------X

## ORDER TO SHOW CAUSE WHY
## RULE B MARITIME ATTACHMENT SHOULD NOT BE REDUCED

Upon the annexed Declaration of Captain Mohiuddin Abdul Kadir Mak, The Declaration of Kevin J. Lennon, dated April 2, 2008, and the accompanying Memorandum of Law and the pleadings and proceedings heretofore had herein:

Let the Plaintiff THYMUS SHIPPING CORP. ("Plaintiff") show cause before the Honorable Louis Stanton, Unites States District Court Judge, at 500 Pearl Street, Courtroom 2250, New York, New York, 10007, pursuant to the Supplemental Admiralty Rule E(4)(f) and Local Admiralty Rule E.1, on the 4th day of April 2008 at 3 PM o'clock or as soon thereafter as counsel can be heard why; (1) the maritime attachment shall not be reduced, and (2) an Order shall not be issued for such other and further relief as the Court may deem just and proper.

Let service of a copy of this Order and the accompanying Declarations, exhibits, and Memorandum of Law, if served upon Cardillo & Corbett, Suite 1710, 29 Broadway, New York, NY 10006-3280 attorneys for the Plaintiff, on or before 5 PM o'clock on April 2, 2008 (service to be made either by courier, fax or e-mail) be deemed good and sufficient service.

Answering papers, if any, including but not limited to affidavits, affirmations, declarations, exhibits and/or memoranda of law, shall be served so as to be received by counsel for the movant, Lennon, Murphy & Lennon LLC by fax or e-mail on or before the 4th day of April 2008 by 1 pm o'clock.       LLS

Reply papers, if any, shall be served on counsel for Plaintiff on or before ____ o'clock on April, 2008 (service to be made either by courier, fax or e-mail) be deemed good and sufficient service.

Dated: New York, NY
       April 2, 2008
       3 42 P.M.

SO ORDERED:

_____
Hon. Louis L. Stanton
United States District Judge